D. A. WILLIAMS, *Plaintiff*, v. THE BOARD OF EDUCATION OF THE CITY OF PARSONS, *Defendant*.

No. 16,181.

SCHOOLS—*Distribution of Pupils—Discretion of Board.*  Mandamus to allow colored school children to attend a public school other than one designated for their use refused upon the ground that the allegations that such school is unsuitable are not sustained by the findings of the commissioner appointed to take evidence on the subject.

·Original proceeding in mandamus.  Opinion filed January 8, 1910.  Writ denied.

*C. S. Denison, J. M. Nation,* and *W. I. Jamison,* for the plaintiff.

*J. G. Slonecker,* for the defendant.

*Per Curiam:*  The board of education of the city of Parsons made an order requiring all colored children to attend a particular school.  D. A. Williams sought by mandamus in this court to compel the board to allow his children to attend a different school, on the ground

that they could not travel with safety the route between this one and his residence, owing to the large number of railroad tracks to be crossed. A motion to quash the alternative writ was denied. (*Williams v. Parsons,* 79 Kan. 202.) A commissioner was appointed to take evidence, and the case is submitted upon his findings.

The alternative writ was sustained because it alleged that the railroad tracks which these children were required to cross were so numerous and were in such constant use that the route between the plaintiff's home and the school was unreasonably dangerous. The commissioner finds the fact to be otherwise; that while some tracks have to be crossed they are fewer in number than stated, and are used less frequently; and that the crossings are reasonably safe. The control of city schools, including the selection of sites and the distribution of pupils, is devolved by the legislature upon the board of education. The discretion committed to that body is to be exercised, as was said in the opinion denying the motion to quash, "untrammeled by judicial interference." (Page 207.) Its judgment, and not that of the courts, must determine the proper solution of the practical questions of administration that continually arise. Its decisions must be final except when its action is capricious or arbitrary, and under the findings that condition does not exist here. A peremptory writ is therefore denied.