No. 21,151.

G. H. MILES et al., *Plaintiffs,* V. E. C. UNDENSTOCK et al., as THE BOARD OF EDUCATION OF OSAGE CITY, *Defendants.*

#### SYLLABUS BY THE COURT.

MANDAMUS—*To Compel Employment of Additional Teacher—Writ Denied.* A writ of mandamus will not issue to compel the board of education of a city of the second class to employ an additional teacher in any particular school in the city.

Original proceeding in mandamus. Opinion filed December 8, 1917. Writ denied.

*W. I. Jamison,* and *W. Herbert Jamison,* both of Topeka, for the plaintiffs.

*George P. Hayden,* and *R. F. Hayden,* both of Topeka, for the defendants.

The opinion of the court was delivered by

MARSHALL, J.: The plaintiffs seek to compel the defendants, as the board of education of Osage City, a city of the second class, to employ an additional teacher in one of the schools of that city.

The alternative writ of mandamus alleges that the plaintiffs are residents, citizens and taxpayers of Osage City; that at the corner of 14th and E streets there is located a school building known as the 14th street school; that there has been continuously, for a number of years, at least two teachers employed in that school; that in 1916 the school board, the defendants, reduced the number of teachers employed in the school to one, and reduced the number of grades taught in

the school by excluding the sixth grade, so that there are now taught in the school only the first, second, third; fourth and fifth grades; that the petitioners are residents of the school district in which the 14th street school is located, and are the parents of children of school age eligible for attendance in that school; and that their children, who have advanced beyond the fifth grade, must go to another school two miles from their homes, and must walk across the tracks of two railroads on which trains are being run and switching is being carried on almost continuously; and that for one mile of the distance the children must travel where there are no sidewalks or paths.

The defendants have filed a motion to quash the alternative writ of mandamus, and the cause is submitted on the writ and motion.

The act which the plaintiffs seek to control is one that calls for the judgment of the board of education. That board must determine what shall be done. The courts cannot control the board in the exercise of that judgment. In *Williams v. Parsons*, 79 Kan. 202, 99 Pac. 216, this court said:

"That boards of education, and not the court, must locate schools, untrammeled by judicial interference in the exercise of the discretion wisely committed to them by the law, is a principle to which we give full and hearty approval; but the situation here, according to the recitals of this writ, is so beset with impending dangers that we cannot say that the attendance of these children at this school should be compelled." (p. 207.)

In a subsequent opinion in the same case, *Williams v. Parsons*, 81 Kan. 593, 106 Pac. 36, the court said:

"The alternative writ was sustained because it alleged that the railroad tracks which these children were required to cross were so numerous and were in such constant use that the route between the plaintiff's home and the school was unreasonably dangerous. The commissioner finds the fact to be otherwise; that while some tracks have to be crossed they are fewer in number than stated, and are used less frequently; and that the crossings are reasonably safe. The control of city schools, including the selection of sites and the distribution of pupils, is devolved by the legislature upon the board of education. The discretion committed to that body is to be exercised, as was said in the opinion denying the motion to quash, 'untrammeled by judicial interference.' (79 Kan. 202, 207.) Its judgment, and not that of the courts, must determine the proper solution of the practical questions of administration that continually arise. Its decisions must be final except when its action is capricious or arbitrary, and

Walmsley v. Telephone Association.

under the findings that condition does not exist here. A peremptory writ is therefore denied." (p. 594.)

The writ in the present action does not allege, and it probably cannot be proved, that the lives of pupils are imperiled by crossing the railroad tracks.

The motion to quash the alternative writ is allowed, and the peremptory writ is denied.