No. 25,824.

RALPH TRIPP, for Himself, etc., *Appellants*, v. THE BOARD OF EDUCATION OF THE CITY OF LAWRENCE, *Appellee*.

SYLLABUS BY THE COURT.

INJUNCTION—*Selection of Site for New School Building—Discretion of Board of Education*. In the absence of fraud or such misconduct as would justify the jurisdiction of a court of equity, the action of a board of education of a city of the second class in selecting a site for a school building will not be reviewed by the courts.

Appeal from Douglas district court; HUGH MEANS, judge. Opinion filed July 5, 1924. Affirmed.

*A. B. Mitchell*, county attorney, *Edw. T. Riling*, and *John T. Riling*, both of Lawrence, for the appellants.

*Walter G. Thiele*, of Lawrence, for the appellee.

The opinion of the court was delivered by

HARVEY, J.: About a year ago one of the school buildings in Lawrence burned, and bonds were later voted for the erection of a new school building. The question arose whether to build the new building on the old site or at some other place. Public hearings were had, several sites were proposed, the citizens were consulted, arguments for and against the sites suggested were made and considered, experts were called in and their suggestions were considered. Finally the board of education selected one of the new sites proposed and proceeded to acquire the ground by purchase and condemnation, and prepared to erect the new school building thereon. This suit was brought to enjoin that action. It is not claimed that the action of the board of education in selecting the site chosen was induced by fraud. Neither is it claimed that the action was hasty or capricious, nor that the board did not consider all the reasons now urged against the site chosen. The complaint is that the board of education did not act wisely, that it did not use good judgment, and that it would have been better to have chosen some other site. These are

matters which are to be determined by the board of education, and the courts cannot inquire into them.    (R. S. 72-1809; *Williams v. Parsons,* 79 Kan. 202, 99 Pac. 216; 81 Kan. 593, 106 Pac. 36; *The State, ex rel., v. Board of Education,* 88 Kan. 199, 201, 127 Pac. 623; *Stevenson v. Shawnee County,* 98 Kan. 671, 159 Pac. 5; *Miles v. Board of Education,* 102 Kan. 137, 169 Pac. 221.)

Appellants contend that the board of education abused its discretion in the selection of the site chosen.    On this point the court below found for the defendant, and its judgment is sustained by evidence in the record.

The judgment of the court below is affirmed.