No. 28,717.

MRS. J. A. NUTT, *Plaintiff*, v. THE BOARD OF EDUCATION OF THE CITY OF GOODLAND, J. C. MCARTHUR, as Superintendent of the Sherman County Community High School, consisting of A. C. GULICK, President, et al., *Defendants*.

(278 Pac. 1065.)

Opinion filed July 6, 1929.

*Charles G. Dockhorn,* of Goodland, and *Hugh C. Larimer,* of Topeka, for the plaintiff.

*Elmer E. Euwer,* of Goodland, for the defendants.

The opinion of the court was delivered by

HOPKINS, J.: This is an original proceeding in mandamus to compel the board of education of the city of Goodland to admit the plaintiff's daughter, Dorothy Nutt Mitchell, to the Sherman county community high school as a pupil.

The case is submitted upon an agreed statement of facts, together with affidavits, wherein it is stated, among other things, that the Sherman county community high school is open to all pupils of the city of Goodland and the county of Sherman and has met with the requirements of the board of education, its governing body; that the plaintiff's daughter, Dorothy Nutt Mitchell, was enrolled in such high school in the year 1927-1928 under the classification of a sophomore; that she completed the first semester and was promoted to the second semester, at which time she left school; that she again enrolled for the school year of 1928-1929 under the name of Dorothy Nutt; that shortly after her enrollment in the fall of 1928 she was informed that she would not be allowed to attend school any longer because she was a married woman; that she was allowed to return to school for one day, at which time there was a meeting of the board of education which decided and declared

that she would not be permitted to return to the school; that Dorothy Nutt, the minor daughter of the plaintiff, was married February 29, 1928, to one Oliver Mitchell and that on August 9, 1928, a child was born to the said Dorothy Nutt Mitchell; that there are other married women enrolled in such high school.

Affidavits filed for the defendant school board in addition show that Dorothy lived with her husband a short time only; that the child was not prematurely born; that after separation from her husband she attended school at Edson; that she associated with other men several times each week during her attendance there, although married; that she persuaded another girl sixteen years of age to accompany her to a public dance.

On her behalf there are affidavits showing that one of the parties with whom she drove from Edson to Goodland was her cousin; that the other happened to be a party leaving Edson about the time school was out, who brought her directly to her home at Goodland, being on the road only three-quarters of an hour and arriving at her home before dark; that she attended the dance in question in company with her mother; that the sixteen-year-old girl who attended the dance with her stated to Dorothy that she had permission from her parents to attend the dance. There are affidavits of her associates stating that she was a girl of good moral character. There is one by John Battin in which he says that in the school year of 1927-1928 he was the principal of the Sherman county community high school at Goodland and acquainted with Dorothy Nutt Mitchell; that she applied to him in February, 1928, to withdraw from school because of sickness, and that upon that application she did withdraw from school; that she was an average student; that she attended school regularly and that her deportment and discipline were good; that she had a good reputation and that her character could not be questioned.

There is no controversy as to a minor being entitled to an education in the public schools. The question of her statutory right to enter school is not questioned provided, of course, her moral standards are not objectionable. The constitutional and statutory right of every child to attend the public schools is subject always to reasonable regulations, and a child who is of a licentious or immoral character may be refused admission. As a general rule the power of expelling a pupil is in the school board, which has the power of controlling and governing the school. (R. S. 72-1029; R. S. 72-2614;

R. S. 72-3209.) School authorities may exclude from association with the school anyone who may be or become undesirable from either physical malady or moral obloquy. (*Kenney v. Gurley*, 208 Ala. 623; 26 A. L. R. 813; 24 R. C. L. 644-648.) However, under the general public policy a student should not be excluded from attending school unless it is clear that his conduct comes within the rules just enumerated. It has been held that the directors of a school district had no right to enforce a rule authorizing expulsion of a pupil for attending social parties where the pupil had returned to his home and his parents approved of his attending such parties. (*Dritt v. Snodgrass*, 66 Mo. 286.)

The public schools are for the benefit of children within school age, and efficiency ought to be the sole object of those charged with the power and privilege of managing and conducting the same, and while great care should be taken to preserve order and proper discipline, it is proper also to see that no one within school age should be denied the privilege of attending school unless it is clear that the public interest demands the expulsion of such pupil or a denial of his right to attend. On the record submitted here, we are of the opinion the evidence was insufficient to warrant the board in excluding plaintiff's daughter from the schools of Goodland. It is the policy of the state to encourage the student to equip himself with a good education. The fact that the plaintiff's daughter desired to attend school was of itself an indication of character warranting favorable consideration. Other than the fact that she had a child conceived out of wedlock no sufficient reason is advanced for preventing her from attending school. Her child was born in wedlock and the fact that her husband may have abandoned her should not prevent her from gaining an education which would better fit her to meet the problems of life.

Under all of the circumstances we are of the opinion she should have been permitted to attend school. The writ is allowed.

HOPKINS, J. (dissenting): I cannot concur in the second paragraph of the syllabus nor the corresponding part of the opinion. There was no charge here of bad faith on the part of the defendants, and in my opinion the judgment of this court should not be substituted for that of the board of education. In *Williams v. Parsons*, 81 Kan. 593, 106 Pac. 36, it was said:

"The control of the city schools . . . is devolved by the legislature upon

the board of education. The discretion committed to that body is to be exercised . . . 'untrammeled by judicial interference.' Its judgment, and not that of the courts, must determine the proper solution of the practical questions of administration that continually arise. Its decisions must be final except when the action is capricious or arbitrary." (p. 594.)

See, also, dissenting opinion in *Ryan v. Board of Education,* 124 Kan. 89, 95, 257 Pac. 945.

MARSHALL and HUTCHISON, JJ., dissent from the second paragraph of the syllabus and corresponding part of the opinion.