No. 39,630

THE STATE OF KANSAS, ex rel. TWEED W. ROSS, County Attorney, Mitchell County, Kansas, *Appellant,* v. THE BOARD OF EDUCATION OF THE CITY OF BELOIT, et al., *Appellees.*

(280 P. 2d 929)

Opinion filed March 5, 1955.

*Don W. Noah,* of Beloit, argued the cause, and was on the briefs for the appellant.

*Tweed W. Ross,* of Beloit, argued the cause, and was on the briefs for the appellees.

The opinion of the court was delivered by

WERTZ, J.: This was an action in the nature of quo warranto brought by the State on relation of the county attorney to enjoin the board of education of the city of Beloit from proceeding with the erection of a school building on a site which it had selected. The board of education, having determined that the school building was needed, submitted the following proposition to the electors of the district, composed of the city of Beloit and the territory attached thereto for school purposes:

"Shall the Board of Education of the City of Beloit (School District No. 2), in Mitchell County, Kansas, issue its general obligation bonds in the sum of $350,000.00, under and pursuant to 1951 Supp. to G. S. 1949, 72-1626

for the purpose of providing funds for the purchase of an additional site, and for constructing, equipping, and furnishing a new elementary school building on said site; said site,. and constructing, furnishing and equipping said school building to cost $400,000.00; the additional $50,000.00 to be paid from funds now in the treasury of said Board of Education and available for such purpose?"

At the election held on March 2, 1954, an affirmative vote was cast on the question. On behalf of the State, it was alleged there was no legal determination of a new site made by the electors of the district, but that the board of education exercised powers beyond its authority conferred by statute, sought to change the school site and purchased real estate lying outside the corporate limits of the city of Beloit, but within the school district, and that said land was open farm land without facilities for water, streets, lights, sewers and other utilities. It is further alleged the defendant was without power or authority to expend money from the sale of the bonds for the purchase of the site and the construction of the school building thereon, and was without authority to change the present site of the old building. It is further alleged that the defendant board was without legal or statutory authority to enter into contracts for the erection of the building until a determination of the site had been voted on by a majority of the electors of the school district, or to expend money upon the premises until provisions were made for the opening of streets and the paving thereof, and extending public utilities to said property. The petition asked for an order enjoining the defendant corporation from exercising powers not conferred upon it by law.

At the outset, it is noted that plaintiff does not allege, nor claim in this court, that the action of the board of education in selecting the site chosen was induced by fraud or bad faith. Neither is it claimed that the action was hasty or capricious, nor that the board failed to consider all the reasons now urged against the site chosen.

On defendants' demurrer to the petition, the trial court held the plaintiff had no legal capacity to sue, that a cause of action was not stated, and the relief prayed for was denied. It was from this order plaintiff appeals.

The first question is whether the action was properly brought by the State on the relation of the county attorney. We think there is no doubt about the authority of the State to maintain the action. G. S. 1949, 60-1602, authorizes an action in the nature

of quo warranto to be brought in the supreme court or in the district court when any corporation abuses its power or exercises power not conferred by law. The next section, 60-1603, authorizes the action to be brought by the attorney general or the county attorney in the name of the State.

Where the public suffers a wrong, it is the duty of the attorney general or the county attorney, officers specifically charged with the duty of representing the public, to see that such wrongs are righted. The State is a real party in interest in an action brought by it to correct corporate abuses. (*State, ex rel., v. City of Newton*, 138 Kan. 78, 23 P. 2d 463; *State, ex rel., v. Baker*, 156 Kan. 439, 134 P. 2d 386.)

This brings us to the principal question presented by the parties, i. e., did the defendant board possess the legal right to select a site for the erection of the school building within the school district, or should that question have been submitted to the electors of the district?

It is conceded that the city of Beloit is a city of the second class, and that the board was proceeding under G. S. 1951 Supp., art. 16, ch. 72, which applies to boards of education in cities of the first and second class.

The legislature has full control over schools and school property, and by G. S. 1953 Supp., 72-1612, it provided that public schools of a city of the second class shall be governed by a board of education which shall constitute a body corporate possessing the usual powers of a corporation for public purposes, and in such name may contract, *acquire*, hold and convey real and personal property. By section 72-1623, the legislature provided that the board should establish and maintain a system of free public schools, and make all necessary rules and regulations for the government and conduct of the same. Section 72-1625 provides that the board is authorized to *purchase* or lease ground for public recreation places, etc. Section 72-1626 provides, in pertinent part, as follows:

"*Any board, upon determining* that it is necessary to *purchase* or improve a school site or sites, to construct, equip, furnish, repair, remodel or make additions to any building or buildings used for school purposes, *may submit to the electors* of the city school district the *question of issuing general obligation bonds* of the board for one or more of the above purposes, and upon the affirmative vote of the majority of those voting thereon, the board shall be authorized to issue such bonds. The board shall adopt a resolution stating the

purposes for which bonds are to be issued and the estimated amount thereof . . ." (Emphasis supplied.)

At no place in any of the mentioned statutes does it appear that the question of selecting a site shall be submitted to the electors of the school district. The sections, on the contrary, definitely state that the school districts of cities of the second class shall be governed by the boards of education, and they shall have the power to acquire and purchase ground for school purposes, and by section 72-1626, after they have determined it is necessary to purchase or improve a school site, they shall then submit to the electors of the school district the question of issuing bonds for such purposes. The legislature was cognizant of our decisions holding that a board of education in a city of the second class is vested with the power and discretion of selecting sites upon which schoolhouses should be erected. Had they intended that the question of selecting a site should be submitted to the vote of the electors, they would have so stated. However, the legislature has not provided that the selection of a school site in a city of the second class shall be determined by a vote of the electors or upon the wishes of any number of them. There may be instances in certain districts where the electors are authorized to decide a question of this kind, but in cities of the second class, by virtue of the statutes above mentioned, it was the apparent view of the legislature that the interests of the public would be best served in such cities by vesting that discretion in the board of education. In the exercise of that discretion, members of the board may determine the location and select the site according to the dictates of their own judgment and conscience and, in the absence of fraud, bad faith and related matters, their action will not be disturbed. The petition in the instant case contains no allegation that the board acted capriciously, fraudulently, in bad faith, or abused its power, and that question is not here for consideration. In *State, ex rel., v. Board of Education,* 88 Kan. 199, 127 Pac. 623, we said:

"A board of education in a city of the second class is vested with the power and discretion to select sites on which schoolhouses shall be erected." (Syl. ¶ 1.)

In *Tripp v. Board of Education,* 116 Kan. 614, 227 Pac. 345, we said:

"In the absence of fraud or such misconduct as would justify the jurisdiction of a court of equity, the action of a board of education of a city of the second class in selecting a site for a school building will not be reviewed by the courts." (Syl. ¶ 1.)

Plaintiff contends that defendants had no authority to choose a new site and construct a school building thereon until some provisions had been made for the opening and paving of streets, construction of sewer and water lines and other necessary utilities.

It is a well-established rule that a court of equity will not interfere with the exercise of discretionary powers on the part of a municipal corporation or its officers, so long as those powers are not exceeded and no fraud, malice, bad faith or improper motives are shown. For, otherwise, this would be an assumption by the court of the right to exercise the powers delegated only to the corporation or its officers. (32 C. J. 260, 261; 43 C. J. S. 633, 634; *Lewis v. City of South Hutchinson,* 162 Kan. 104, 112, 113, 174 P. 2d 51.)

In *State, ex. rel., v. Younkin,* 108 Kan. 634, 639, 196 Pac. 620, we stated that when the legislature confers powers in general terms upon an official body, without prescribing the details for the exercise of that power, the courts will not be officious to interfere with the official body's discretionary method of performing the public duty intended by the legislature in granting such powers.

Although there were no utilities immediately available at the school site chosen by the board, so long as it exercised its honest discretion in considering the matter, the fact that some electors might have considered its judgment was not to the best interests of the district affords no ground for relief in this action. (*Lewis v. City of South Hutchinson,* supra.)

Plaintiff's petition nowhere alleged under what statute the board was assuming to act. However, it is apparent that it was acting under G. S. 1953 Supp., art. 16, ch. 72, under the provisions of which it was not necessary to submit the question of selecting the school site to the electors. The petition merely alleges that the action of the board was illegal without setting forth its failure to comply with the provisions of any particular statute. To allege that the action of the board was illegal without an election is a conclusion of law and not a statement of fact. (*Sheldon v. Board of Education,* 134 Kan. 135, 141, 142, 4 P. 2d 430.)

In view of what has been said, the petition failed to state facts sufficient to constitute a cause of action against the defendants, and the court did not err in sustaining a demurrer thereto.

The judgment is affirmed.