No. 39,990

THE STATE OF KANSAS, on the relation of ROBERT H. MEYER, County Attorney of Jewell County, Kansas, *Appellant*, v. COMMON SCHOOL DISTRICT NUMBER 76, a body Corporate, of Jewell County, Kansas; and FRANCIS W. FRYE, CLARENCE W. SMITH, L. E. NELSON, as members of the School Board of Common School District Number 76; BESS KRAMER, as County Treasurer of Jewell County, Kansas; and EDGAR L. BRINKWORTH, as County Clerk of Jewell County, Kansas, *Appellees.*

(290 P. 2d 825)

Opinion filed December 10, 1955.

*Robert H. Meyer*, County Attorney, and *Geo. E. Teeple* and *J. R. White*, both of Mankato, and *T. D. Relihan*, *A. W. Relihan* and *T. E. Relihan*, all of Smith Center, were on the briefs for the appellant.

*Melvin R. Quinlan*, of Topeka, argued the cause, and *John S. Dean, Jr.*, of Topeka, and *L. E. Weltmer*, *Roderick E. Weltmer* and *L. M. Weltmer*, all of Mankato, were with him on the briefs for the school district and members of the board thereof; appellees and cross-appellants.

*Charles A. Walsh*, of Concordia, argued the cause and was on the briefs for Edgar L. Brinkworth, County Clerk, appellee and cross-appellant.

The opinion of the court was delivered by

PRICE, J.: This is an action in the nature of quo warranto, brought by the state on the relation of the county attorney of Jewell County, seeking injunctive relief against defendant school district, the members of the school board, and the county treasurer and county clerk. The appeal presents the second chapter in this court of litigation over the construction of a school building in Mankato.

In *Tyler v. Common School District No. 76*, 177 Kan. 387, 279 P. 2d 302, which was an action by taxpayers, the basic question was

whether the allegations of the petition stated a cause of action for injunctive relief on the ground the proposition submitted to the voters at the bond election was dual in character, contrary to the statute. It was held that a cause of action was stated and the order of the trial court sustaining a demurrer to the petition was reversed. In the opinion in the Tyler case the allegations of the petition under consideration were set out in full.

The allegations of the petition before us are substantially identical to those in the Tyler case and therefore will not be repeated. In passing, it should be noted that in the Tyler case the action was by taxpayers against the school district and the individual members of the school board, whereas in the instant case the action is by the state, and the county treasurer and county clerk are additional parties defendant.

Defendant school district and members of the board thereof (hereafter referred to as the district) demurred to the petition on three grounds—(1) that plaintiff has no legal capacity to sue, (2) that there is another action pending between the same parties for the same cause, and (3) that the petition does not state facts sufficient to constitute a cause of action in favor of plaintiff and against defendants.

This demurrer was sustained as to the first ground. The court did not rule on the second and third grounds.

Defendant county clerk filed a motion to strike paragraphs 9 and 11 from the petition. This motion was sustained. The paragraphs in question will not be set out, but, in substance, paragraph 9 alleges that the special bond election was illegal and void and that the bonds issued pursuant thereto are void, and the other paragraph contains allegations concerning official acts of the county clerk with respect to the levy of taxes for the payment of the bonds.

After the paragraphs in question were stricken the county clerk demurred to the petition on two grounds—(1) that plaintiff has no legal capacity to sue, and (2) that the petition fails to state facts sufficient to constitute a cause of action in favor of plaintiff and against such defendant.

This demurrer was sustained as to the first ground and overruled as to the second.

It will be seen that as matters then stood the demurrers of the district and county clerk had been sustained on the ground that plaintiff had no legal capacity to sue, and, in addition thereto, the

court had ruled that the petition stated a cause of action against the county clerk.

Plaintiff has appealed and specifies as error (1) the order sustaining the district's demurrer on the ground that plaintiff has no legal capacity to sue, (2) the order sustaining the county clerk's demurrer on the ground that plaintiff has no legal capacity to sue, and (3) the order sustaining the county clerk's motion to strike paragraphs 9 and 11 from the petition.

The district has cross-appealed and specifies as error the order overruling the second and third grounds of its demurrer to the petition.

The county clerk has cross-appealed from the order overruling the second ground of his demurrer to the petition.

We first will dispose of the cross-appeals.

It is to be remembered that the district's demurrer contained three grounds. As to the first, it was sustained. That ruling, for all practical purposes, ended the lawsuit as matters then stood. Naturally, the court did not rule on the second and third grounds of the demurrer, and to have done so would have been of no consequence. The district argues that the failure of the court to rule on grounds 2 and 3 amounted to a "tacit overruling" of those grounds. We cannot agree with this contention. On the record before us there is nothing from which the district could appeal, and its cross-appeal is therefore dismissed.

Substantially, the same thing may be said of the county clerk's cross-appeal. When the first ground of his demurrer was sustained the action was, for all practical purposes, at an end, and whether the petition did or did not state a cause of action against him became of no consequence. Having sustained the first ground of the demurrer, it is not clear why the court went ahead and ruled on the second ground, but we are bound by the record presented, and, as we view the matter, there is nothing from which the county clerk could appeal and his cross-appeal is therefore dismissed.

With respect to the principal appeal, it is apparent that the basic question concerns the right of plaintiff to maintain the action, that is, whether it is one properly to be brought by the state on the relation of the county attorney. For reasons hereafter stated, we hold that plaintiff does have legal capacity to maintain the action and that the court erred in ruling that it does not.

First, however, we mention briefly the order striking the two paragraphs in question from the petition on motion of the county

clerk. Notwithstanding that ordinarily such rulings rest in the sound discretion of the trial court, we think that because of the nature of this case, as disclosed by other allegations of the petition, the paragraphs in question were erroneously stricken.

Paragraph 9, although in the nature of a conclusion, is really immaterial one way or the other, whereas paragraph 11 merely alleges certain acts by the county clerk in his official capacity, and, taking the petition in its entirety, we think are proper to be pleaded. The court erred in striking the two paragraphs in question.

This brings us, then, to the only remaining question in the case, namely, the right of the state to maintain the action.

We think there can be no question but that the state, on the relation of the county attorney, does have the right to bring this action. It is clear that the principal objective of the action is to prevent an alleged abuse of power on the part of the school board and the individual defendants in their official capacities because of an alleged invalid bond election. In fact, the validity of that election is directly in issue. Under such circumstances the state has not only the right but the duty to correct alleged abuses, and without further discussion we hold that the general principles announced in the recent case of *State, ex rel., v. Board of Education of the City of Beloit,* 177 Kan. 540, 280 P. 2d 929, are applicable to the question presented.

As to the principal appeal the judgment of the trial court is therefore reversed.