Mr. Lawrence M. Wright Franklin County Attorney Courts Building Ottawa, Kansas 66067
Dear Mr. Wright:
As attorney for Franklin county, you request our opinion regarding whether a pupil who has been expelled from attending school in a unified school district must be permitted to attend school in another school district when the pupil's place of residence has been moved to the other school district. In your request for an opinion, you set forth the following factual situation:
 "John Doe, a Kansas resident who lives with his parents, Mr. and Mrs. Doe, is a secondary student, at U.S.D. 123 [the former school district] and is lawfully expelled from that district in November, 1993, for the remainder of the school year under provisions of K.S.A. 72-8902. Shortly thereafter, John Doe moves to another area of the state to live with relatives, Mr. and Mrs. Moe, who reside in U.S.D. 456 [the present school district]. Soon after arriving at the Moe household, John Doe applies for admittance to high school in U.S.D. 456 [the present school district]."
Based on this factual situation, you then specifically ask whether the present school district must admit the pupil for attendance at the high school. You also ask whether the obligation of the present school district to admit the pupil would be altered if: (1) the sole purpose for the pupil moving into the territory served by the present school district was to attend school; (2) the pupil had been expelled from the former school district because the pupil had committed a violent crime; and (3) the persons with whom the pupil is living are unrelated to the pupil and the pupil's parents continue to provide for the pupil's support.
The American people have always regarded education and acquisition of knowledge as matters of supreme importance, which should be diligently promoted. Meyer v. Nebraska, 262 U.S. 390, 400, 43 S.Ct. 625,67 L.Ed. 1042, 1045 (1922). The promotion of education is a legitimate function of the state, and in Kansas is one particularly imposed on the legislature by article 6, section 2 of the Kansas constitution. Statev. Garber, 197 Kan. 567, 572 (1966), cert. den. and app. dismd.389 U.S. 51, 88 S.Ct. 236, 19 L.Ed.2d 50 (1967). The state interest is further reflected through the enactment of compulsory school attendance laws, a form of which has been in effect in Kansas since 1874. Id at 570.
 "There is no controversy as to a minor being entitled to an education in the public schools. The question of [the child's] statutory right to enter school is not questioned provided, of course, [the child's] moral standards are not objectionable. The constitutional and statutory right of every child to attend the public schools is subject always to reasonable regulations, and a child who is of a licentious or immoral character may be refused admission. As a general rule the power of expelling a pupil is in the school board, which has the power of controlling and governing the school. [Citations omitted.] School authorities may exclude from association with the school anyone who may be or become undesirable from either physical malady or moral obloquy. [Citations omitted.] However, under the general public policy a student should not be excluded from attending school unless it is clear that his conduct comes within the rules just enumerated. . . .
 "The public schools are for the benefit of children within school age, and efficiency ought to be the sole object of those charged with the power and privilege of managing and conducting the same, and while great care should be taken to preserve order and proper discipline, it is proper also to see that no one within school age should be denied the privilege of attending school unless it is clear that the public interest demands the expulsion of such pupil or a denial of [the pupil's] right to attend. . . . It is the policy of the state to encourage the student to equip himself with a good education. The fact that [the pupil] desired to attend school was of itself an indication of character warranting favorable consideration." Nutt v. Board of Education, 128 Kan. 507, 509 (1929) (emphasis added).
See also Blaine v. Board of Education, 210 Kan. 560, 570-71 (1972);Creyhon v. Board of Education, 99 Kan. 824, Syl. para. 2 (1917).
The ability of a child to attend school in a particular school district is based on the residence of the person with whom the child is living.
 (a) Any child who has attained the age of eligibility for school attendance may attend school in the district in which the child lives if (1) the child lives with a resident of the district and the resident is the parent, or a person acting as parent, of the child. . . ." K.S.A. 72-1046.
K.S.A. 72-1046 provides definitions for "parent" and "person acting as parent."
 "(1) `Parent' means and includes natural parents, adoptive parents, stepparents, and foster parents;
 "(2) `person acting as parent' means (A) a guardian or conservator, or (B) a person, other than a parent, who is liable by law to maintain, care for, or support the child, or who has actual care and control of the child and is contributing the major portion of the cost of support of the child, or who has actual care and control of the child with the written consent of a person who has legal custody of the child, or who has been granted custody of the child by a court of competent jurisdiction. . . ." K.S.A. 72-1046
(emphasis added).
Compulsory school attendance is presently addressed in K.S.A. 72-1111
and 72-1113. K.S.A. 72-1111 provides in part:
 "(a) Subject to the other provisions of this section, every parent or person acting as a parent in the state of Kansas, who has control over or charge of any child who has reached the age of seven years and is under the age of 16 years, shall require such child to attend continuously each school year (1) a public school for the duration of the school term provided for in K.S.A. 72-1106, and amendments thereto, or (2) a private, denominational or parochial school taught by a competent instructor for a period of time which is substantially equivalent to the period of time public school is maintained in the school district in which the private, denominational or parochial school is located." (Emphasis added.)
(Exceptional children, except for those exceptional children determined to be gifted children, are exempt from the compulsory attendance requirements of K.S.A. 72-1111. Rather, these children must meet the attendance requirements of the special education for exceptional children act, K.S.A. 72-961 et seq.)
Pursuant to subsection (f) of K.S.A. 72-1111, the terms "parent" and "person acting as a parent" are to have the meanings ascribed to them under K.S.A. 72-1046.
Upon review of K.S.A. 72-1046 and 72-1111, it is clear that the residence of a pupil for the purpose of attending school is not limited to the residence or domicile of the parents. See Mariadahl Children'sHome v. Bellegarde School District, 163 Kan. 49, 52 (1947). Rather, in those instances in which a pupil does not reside with parents, the residence of the pupil will be deemed to be: (1) the residence of the conservator or guardian; (2) the residence of the person who is liable by law to maintain, care for, or support the pupil; (3) the residence of the person who has actual care and control of the pupil and is contributing the major portion of the cost of support of the pupil; (4) the residence of the person who has actual care and control of the pupil with the written consent of a person who has legal custody of the pupil; or (5) the residence of the person who has been granted custody of the pupil by a court of competent jurisdiction.
In light of constitutional and statutory provisions regarding the attendance in school of a pupil, it is determined that a school district must admit for attendance in school a child who is living with a person who is a resident of the district and is acting as parent of the child. The fact that the person with whom the pupil is living is unrelated to the pupil is in and of itself somewhat irrelevant. The pupil is entitled to attend school in the present school district if the pupil is living with a resident of the present school district and that resident has actual care and control of the pupil and is contributing the major portion of the cost of support of the pupil, or the resident has actual care and control of the pupil with the written consent of a person who has legal custody of the pupil. State law does not recognize the intention of the pupil for changing the pupil's living arrangements as a factor to be considered when determining whether a pupil may attend school in a particular school district.
Ordinarily, the school authorities have the right to define the offenses for which the punishment of exclusion from school may be imposed, and to determine whether the offense has been committed, the limitation on this authority being that in both respects, it must be reasonably exercised. 68 Am.Jur.2d Schools sec. 279 (1993). Where a statute places authority to suspend pupils from school in certain school officials, only those officials have the power to exercise such authority. Id.
K.S.A. 72-8901 et seq. set forth the procedure to be followed in suspending or expelling a pupil from attending school. Grounds for suspension or expulsion are set forth in K.S.A. 72-8901.
 "The board of education of any school district may
suspend or expel . . . any pupil or student guilty of any of the following:
 "(a) Willful violation of any published regulation for student conduct adopted or approved by the board of education, or
 "(b) conduct which substantially disrupts, impedes or interferes with the operation of any public school, or
 "(c) conduct which substantially impinges upon or invades the rights of others, or
 "(d) conduct which has resulted in conviction of the pupil or student of any offense specified in chapter 21 of the Kansas Statutes Annotated or any criminal statute of the United States, or
 "(e) disobedience of an order of a teacher, peace officer school security officer or other school authority, when such disobedience can reasonably be anticipated to result in disorder, disruption or interference with the operation of any public school or substantial or material impingement upon or invasion of the rights of others." K.S.A. 72-8901
(emphasis added).
State law does not obligate each school district to suspend or expel a pupil who has engaged in any of the activities set forth in K.S.A. 72-8901; rather, discretion is given each school district to determine for which offenses a pupil of the school district may be suspended or expelled.See Boster v. Philpot, 645 F. Supp. 798 (D.Kan. 1986); Blaine v. Board ofEducation, 210 Kan. 560 (1972). The board of education for each school district is authorized to adopt regulations for the conduct of formal hearings regarding suspension or expulsion. K.S.A. 72-8903. Any appeal of a suspension or expulsion is to be made to the board of education of the school district by filing a written notice of appeal with the clerk of the board of education. K.S.A. 72-8904. School districts have only such powers as are conferred upon them by statute, specifically or by clear implication, and any reasonable doubt as to the existence of such power should be resolved against its existence. Hobart v. U.S.D. No.309, 230 Kan. 375, 383 (1981). The authority to suspend or expel a pupil from attending school within a school district is granted to each school district. However, a school district does not possess the authority to suspend or expel a pupil from attending school in another school district. Given this limitation of authority, the fact that a pupil has been expelled from attending school in the former school district does not result in expulsion from attending school in the present school district. The ability of a pupil to attend school in the present school district is subject to reasonable rules and regulations of the present school district. See Blaine, 210 Kan. at 566-67.
K.S.A. 72-8905 provides:
 "The provisions of K.S.A. 72-1111 shall not apply to any pupil while subject to suspension or expulsion pursuant to the provisions of this act."
The interpretation of a statute is a matter of law and it is the function of the court to interpret the statute to give it the effect intended by the legislature. Todd v. Kelly, 251 Kan. 512, 515 (1992). In construing statutes, the legislative intent is to be determined from a general consideration of the entire act. Todd, 251 Kan. at 516. We must give effect to the legislature's intent even though words, phrases, or clauses must be omitted or inserted in the statute. Id.
K.S.A. 72-8905 was one of the statutes regarding suspension and expulsion which was enacted in 1970. See L. 1970, ch. 300. As previously noted, the applicable statutes grant to each school district the authority to determine the offenses for which a pupil may be subject to suspension or expulsion from that particular school district and to establish rules and regulations for the conduct of any hearings held pursuant to the act. K.S.A. 72-8901 et seq. do not authorize school districts to take actions which result in suspension or expulsion of a pupil from attending school in another school district. K.S.A. 72-8905
excuses a pupil from compulsory attendance in a school district once the pupil has been suspended or expelled from that particular school district. However, if the residence of the person with whom the pupil is living is moved to another school district, the pupil is once again subject to K.S.A. 72-1111.
Very truly yours,
 ROBERT T. STEPHAN Attorney General of Kansas
 Richard D. Smith Assistant Attorney General
RTS:JLM:RDS: