## WILLIAMS *v.* NASHVILLE.

*(Nashville.* February 2, 1901.)

MUNICIPAL CORPORATIONS.   *Liability for injury from rock quarry.*

A municipal corporation that maintains a rock quarry within its limits is not liable for an injury sustained by a person who falls into an excavation therein made in removing stone, and situated away from the streets, while he, without invitation, express or implied, is passing, by mere license, through the quarry, as a more convient and expeditious way of reaching home than by following the public streets.

Cases cited and distinguished: Niblitt *v.* Nashville, 12 Heis., 684; Whirley *v.* Whitman, 1 Head, 610; Clapp *v.* Lagrill, 103 Tenn., 164.

---

FROM DAVIDSON.

---

Appeal in error from Circuit Court of Davidson County. JNO. W. CHILDRESS, J.

PITTS & MEEKS and H. C. LASSING for Williams.

E. A. PRICE and K. P. McCONNICO for Nashville.

BEARD, J. This is an action to recover damages for personal injuries sustained, as is alleged, from the negligence of the defendant. The case

was disposed of on demurrer. The declaration averred that the city of Nashville, at the time of the injury was, and for many years prior thereto had been, the owner of a tract of land contiguous to a public street in the populous part of the city, which it had used as a rock quarry, upon and from which it had quarried, and under contracts with others, had caused to be quarried a large amount of stone, in the course of which employment, deep and dangerous excavations were made abutting upon and near to a public street and certain roadways and passageways which are through and across this land, and over which it knew the citizens of Nashville were accustomed to pass, which excavations the city permitted to remain unfenced, unguarded, and without signals or warnings of any kind. It is further averred that plaintiff, while returning at night from the central part of the city to his home, located beyond the premises in question, and being ignorant of the dangerous excavations, in "attempting to cross the premises along a pathway thereon leading towards his home from the point" where he had disembarked from a car on the public street nearest his home, without fault or negligence on his part, fell into one of these excavations and received personal injuries, for which he sued.

One of the grounds of the demurrer sustained by the Court below, in substance, is that upon the facts averred the plaintiff was using the path-

way in question for his own convenience, without invitation from the defendant, and in doing so took the risk of the injury from these excavations.

It will be observed that the case made in the declaration is not that of a party, who while using ordinary care is injured by accidentally falling into an excavation made by the owner on his own land, but so near to a highway as to render it unsafe to one passing over it, as in *Barnes* v. *Ward,* 9 C. B., 392; *Norwich* v. *Breed,* 30 Conn., 535; *Niblitt* v. *Nashville,* 12 Heis., 684. Nor does it involve the rule of law upon which the proprietor is held liable for an injury resulting from the use of dangerous but alluring and unguarded machinery erected by him on his own land, sustained by one unable to judge of the danger of a careless use of it, as in *Sioux City Railroad* v. *Stout,* 17 Wall., 657, and *Whirley* v. *Whitman,* 1 Head, 610. But it is rather that of one who leaving a public street voluntarily, for his own convenience, undertakes to cross the land of defendant, excavated by it and by those authorized by it to do so, for a legitimate purpose, by a way which with the acquiescence of, but without invitation from the defendant many persons had used, and in thus passing over it accidently falls into one of the excavations, being seriously injured, seeks to recover damages for such injury.

While it is true that when the owner, expressly or by implication, invites a person to come upon his land, he will be liable to such person, who, while exercising ordinary care, receives an injury from any snare or pitfall existing thereon by the owner's contrivance or consent. On the other hand, it is equally true that a bare licensee takes the risk of accidents in using the premises in the condition in which they are. *Beck* v. *Carter,* 68 N. Y., 283 (S. C., 23 Am. Rep., 175).

In the discriminating opinion delivered in that case two English cases are referred to which admirably illustrate the distinction indicated above, to wit, *Corley* v. *Hill,* 4 C. B. (N. S.), 556, and *Hounsell* v. *Smyth,* 7 I*d.*, 731. We adopt the statement of these two cases from the body of that opinion. In *Corley* v. *Hill* the owner of land upon which was a private road leading to an asylum on his premises, for the use of persons going there, gave permission to a third person to place materials on the road. The servant of the plaintiff, in the night time, while driving his master's horse over this road on his way to the asylum, and using due care, ran upon and against the materials placed in the way by the defendant's permission, and the horse was injured. The defendant was held to be liable. Cockburn, C. J., said: "The proprietors held out an allurment whereby the plaintiff was induced to come upon the place in question; they held

out this road to all persons having occasion to
proceed to the asylum, as the means of access
thereto. Could they have justified the placing an
obstruction across the way, whereby an injury was
occasioned to one using the way by their invita-
tion? Clearly they could not."

In *Hounsell* v. *Smyth* the defendant was seized
of certain waste land, upon which was an unin-
closed quarry near and between two public high-
ways, and the declaration averred that all persons
having occasion to pass over the waste land had
been accustomed to go across the same with li-
cense and permission of the owners, and that the
plaintiff having in the night time taken the wrong
road, was crossing the waste for the purpose of
getting to the other, and not being aware of the
existence or locality of the quarry, and being un-
able, by reason of the darkness, to see it, fell in
and was injured. It was held that the declara-
tion disclosed no cause of action. The Court
said: "No right is alleged; it is merely stated
that the owner allowed all persons who chose to
do so, for recreation or for business, to go upon
the waste without complaint; that they were not
churlish enough to interfere with any person who
went there. He must take the permission with
its concomitant conditions and, it may be, perils."

The distinction between these two cases and
the classes which they respectively represent, is
that in the one the owner had imposed upon

himself by his invitation to the public to use his private way for the purpose for which it was constructed, the duty of exercising ordinary diligence to see that no unnecessary peril came to one accepting such invitation, while in the other the owner assumed no such duty towards those who availed themselves of a mere acquiescence on his part of their use of such a way. For the theory of all negligence cases is that the defendant has violated some legal duty he owed plaintiff. So where such duty does not exist, however unfortunate the injured may be, and free from negligence, yet he must alone bear the consequences; he cannot impose them upon one under no obligation in law towards him, save not to inflict, directly or indirectly, wanton injury upon him.

From the declaration in the present case it is apparent the plaintiff was a stranger to the defendant. He was on the land of the latter without an invitation of any kind, and for his own convenience, and while it does appear that the way which he was using was also used at its pleasure by the public, this was only done by the passive acquiesence of the defendant. In such case it is well settled by adjudications in England and America that the party injured under such circumstances is a mere licensee, and he must bear the consequences of his own misfortune.

*Cusick* v. *Adams,* 115 N. Y., 55; 12 A. S. R., 772.

This distinguishing principle was recognized in *Clapp* v. *Lagrill,* 103 Tenn., 164, where will be found a full citation of cases.

The judgment of the Circuit Court is affirmed.