No. 19,537.

JAMES WHITMAN OUSLEY, *Appellee,* v. J. J. CURPHEY, as Mayor of Osage City, etc., et al., *Appellants.*

SYLLABUS BY THE COURT.

1. MANDAMUS—*Application to Compel City to Levy Tax to Pay Judgment—Application for Leave to Intervene Should Have Been Allowed.* The assignee of a judgment against a city and a construction company—the latter being insolvent— sued the city in mandamus to compel the levy of a tax to pay the judgment. Certain surety companies which had become surety on the construction company's indemnifying bond to the city, and on its supersedeas bond on appeal, respectively —the latter company being secured by a deposit of collateral —were by the other surety company sought to be made

parties, and an application to intervene was made by such other company alleging that the plaintiff was merely the nominal holder of the judgment for the company which had signed the supersedeas bond, which company by collusion with him and with the construction company was attempting to cast on the applicant the burden of liability for the judgment. The court considered the evidence offered, denied the application, and issued an alternative writ from which the applicant and the city, which also asked that the surety companies be made parties, appeal. It is held that as to the application to intervene its denial was final and appealable, and that under the evidence such ruling was error requiring a reversal.

2. MANDAMUS—*Order Granting Alternative Writ—Not Appealable.* The action being for a peremptory writ of mandamus, the order granting an alternative writ is interlocutory and not appealable.

3. SAME—*Third Parties May Intervene.* The rule that in mandamus actions others than the original parties, who are interested in the matter or result, may properly be made parties—followed.

Appeal from Osage district court; ROBERT C. HEIZER, judge. Opinion filed April 10, 1915. Reversed.

*Charles G. Messerley,* of Osage City, *A. L. Berger,* of Kansas City, and *Frank Hagerman,* of Kansas City, Mo., for the appellants.

*Charles S. Briggs,* and *A. W. Benson,* both of Topeka, for the appellee.

The opinion of the court was delivered by

WEST, J.: The Freeborn Engineering & Construction Company took a contract to construct a system of waterworks for Osage City, giving the city an indemnity bond executed by itself as principal and the National Surety Company as surety. Nellie Howard sued the city and construction company for injuries arising out of leaving a trench uncovered in the street, and recovered judgment for five thousand dollars, which was affirmed by this court. (*Howard v. Osage City,* 89 Kan. 205, 132 Pac. 187.) When the appeal was

taken the construction company executed a supersedeas bond with the Southern Surety Company as surety, and in order to indemnify the surety deposited with it certain mortgage bonds of the par value of $10,000. Nellie Howard made demand of the city in July, 1913, to levy a tax to pay her judgment, and in September following sold and assigned the judgment to James Whitman Ousley, who brought this action to compel by mandamus the city and its officers to levy a tax to pay the judgment. The city and its officers answered to the merits, and moved that the two surety companies be made parties, asserting that such action was necessary to a complete determination and settlement of the questions involved, alleging the execution of the bonds and the deposit of the security as already indicated and charging on information and belief that plaintiff Ousley is holding the judgment as trustee for the construction company or the Southern Surety Company, that the judgment has been paid or there is some arrangement by which the judgment is to be liquidated and paid by the latter company which is to receive the mortgage bonds in satisfaction. The National Surety Company moved for leave to intervene and answer, alleging its belief that the Southern Surety Company has satisfied and paid the judgment and obtained a fraudulent assignment for the purpose of inducing and forcing a further payment by the city in order to make a false and fraudulent collection of the judgment from the National Surety Company by the city, and that plaintiff Ousley is merely the representative of the Southern Surety Company, and asked that the Southern Surety Company be made a party. The National Surety Company tendered an answer setting out more in detail the matters already referred to as shown by the motion, and alleging that the construction company had become insolvent; that Ousley is not the owner of the judgment, but holds it as trustee for the Southern Surety Company in order to throw the bur-

den of paying the sum on the National Surety Company through an action of the city, thereby discharging the Southern Surety Company and releasing to the construction company the bonds held by it as security. Upon these motions considerable testimony was taken, with the result that they were denied and an alternative writ of mandamus was issued. The city and its officers and the National Surety Company appeal and assert error in overruling the motion and in granting the alternative writ.

The principal controversy now is over the refusal to make new parties, and it is insisted that the order complained of is not a final order from which an appeal can be taken; that the surety companies are not necessary parties to the mandamus action and that the discretion of the district court in refusing to make new parties was not erroneously exercised. On the other hand, it is argued that the evidence presents a situation in which two surety companies, each bound for the payment of a judgment, are standing on unequal terms for the reason that by collusion of the judgment creditor, the construction company and one of the surety companies, the latter is in position to save itself harmless and cast the burden on the other surety company and turn back to the insolvent construction company the bonds deposited by it to save harmless the surety company which seeks to take undue advantage of the situation. With this complaint as a basis it is argued that it would be grossly inequitable and unjust for the court to proceed in mandamus against the city without bringing in the surety companies so that the controversy as between them could also be determined. From the counter-abstract it appears that the application for a writ of mandamus was made March 6, 1914, the National Surety Company's application to intervene and for an order to make additional parties was filed March 12, and that on the next day, March 13, the city filed a petition against the two surety companies

17—95 KAN.

and the construction company to recover five thousand dollars, interest, cost and attorney fees, and March 20 filed a motion asking that the surety companies be made parties to the mandamus proceedings, from which it would seem that the city has long since sued the three companies, and that if such litigation be pursued the controversy sought to be injected into this mandamus action can be thoroughly disposed of. In a reply brief it is complained bitterly that these dates are not derived from anything appearing in the proceedings now before us; that they are only in a separate and distinct action and have no business here and ought not be considered.

If it be conceded or determined that the ruling of the trial court refusing to make new parties is a final order the question remains whether or not it was such an abuse of discretion as to amount to prejudicial error.

Section 566 of the civil code defines a final order as one affecting a substantial right in an action when such order, in effect, determines the action and prevents a judgment. Considering this language literally it would be difficult to say that a refusal to allow a party to intervene in an action either affects a substantial right in an action or determines the action or prevents a judgment. The question has never been passed upon in this state, but certain other courts have held that the refusal of an application to intervene is appealable. In *Henry v. Travelers' Ins. Co.*, 16 Colo. 179, 26 Pac. 318, it was held that "The denial of an application to intervene is a final judgment as to the petitioner which may be reviewed in this court upon writ of error." (Syl. ¶ 2.) The action by the holder of certain bonds was to secure the appointment of a receiver to take charge of certain mortgaged property, the defendant, Henry, in his petition alleged that he was the owner of $10,000 of the $200,000 worth of bonds sought to be foreclosed, and was also the

owner of the majority of the stock of the company sought to be affected.  In the opinion it was said:

"Upon the entry of the judgment or order denying Henry's application to intervene, the cause was finally determined as to him; and, unless he be entitled to a writ of error from this court, he is precluded from any review of such judgment.   *D. & N. O. R. R. Co. v. Jackson;* 6 Colo. 340; *Curtis v Lathorp,* 12 Colo. 169." (p. 184.)

*Harman v. Barhydt,* 20 Neb. 625, 31 N. W. 488, involved a chattel mortgage to secure certain promissory notes.  The property was sought to be replevined, and Harman asked leave to intervene, alleging that he owned certain of the notes secured by the mortgage, and it was held that a denial of this application to intervene was a final order and reviewable on error.  In *National Distilling Co. v. Seidel,* 103 Wis. 489, 79 N. W. 744, it was held that while if the petitioner is denied leave to intervene in an action he can not appeal from the judgment rendered in the cause and thereby test the denial of his application, he may appeal from an order denying leave to intervene, although under the particular circumstances of that case it was held that the court did not abuse its discretion in denying the intervention.

These cases appear to go upon the theory that if the applicant were denied the right to intervene he must of necessity be practically without remedy, or at least subject to great loss or embarrassment.  It is also recognized that the spirit of the code is in favor of the settlement of a controversy, so far as practicable, without multiplicity of suits and that its provisions relating to parties should be liberally construed.  Section 35 of our civil code provides that any person may be made a party defendant who is a necessary party to a complete determination or settlement of the question involved. Here the question involved is the right of plaintiff Ousley to a writ of mandamus against the city, but on the theory of the city and the National Surety Com-

pany this writ is sought to be obtained really for the benefit of the Southern Surety Company, surety on the supersedeas bond, at the expense of the National Surety Company, surety on the construction company's indemnity bond; and it is further contended that the plaintiff is simply a holder of the judgment for the Southern Surety Company, which has paid it and is seeking by this circuitous method to reimburse itself at the expense of the city, thereby becoming able to return to the construction company the collateral deposited by it. The testimony on this point was all by deposition and written exhibits, and hence this court has the same opportunity to weigh it as the trial court had and is inclined to the belief that the claims already referred to were fairly substantiated, and that in view of the situation disclosed by such testimony it would be extremely inequitable to permit the nominal plaintiff to proceed to judgment and relegate the other parties in interest to other litigation which might as well be consolidated or conducted with this, in which they seek to intervene. The denial of their application is final as to their rights in this action, and within the spirit of the code and the decisions referred to it is the judgment of the majority of the court that the order denying intervention is final and one on which an appeal will lie, and that under the circumstances shown by the evidence referred to it was such error as to warrant a reversal.

So far as the defense sought to be made as to the rightfulness of the issuance of the writ against the city and its officers is concerned, the case is not properly before us, as the order for an alternative writ is interlocutory and not appealable. (Civ. Code, § 566.)

While ordinarily a proceeding in mandamus involves only the plaintiff or defendant under obligation to perform some clear legal duty, and while section 722 of the civil code provides that the issues joined by the writ and the answer must be tried, still it has become

the settled doctrine that others who are interested in the matter or the result may properly be made parties. (*Livingston v. McCarthy,* 41 Kan. 20, 20 Pac. 478; *The State v. Railway Co.,* 81 Kan. 430, 435, 105 Pac. 704; *The State v. Dolley,* 82 Kan. 533, syl. ¶ 1, 535, 108 Pac. 846; *The State, ex rel., v. Akers,* 92 Kan. 169, 172, 140 Pac. 637.)

The order refusing the application of the National Surety Company to be made a party is reversed and the cause is remanded with directions to grant the application of the National Surety Company to have the Southern Surety Company made a party, and to take such further steps in accordance herewith as may be proper.