JUDY BURROUGHS

*v.*

H. E. JORDAN, JR.

456 S.W.2d 652.

(*Jackson,* April Term, 1970.)

Opinion filed July 6, 1970.

JOSEPH M. BOYD, JR., Dyersburg, for plaintiff in error.

JOHN W. NORRIS, Brownsville, for defendant in error.

Mr. Justice McCanless delivered the opinion of the Court.

The plaintiff, Judy Burroughs, sued the defendant, H. E. Jordan, Jr., in the Circuit Court of Haywood County and averred that on November 15, 1967, her husband and their daughter sustained serious injuries when the automobile driven by the defendant, H. E. Jordan, Jr., collided with the truck driven by her husband and in which their daughter was a passenger.

In her declaration the plaintiff alleged facts which if proved would constitute negligence on the part of the defendant. The plaintiff was not present when the accident occurred but alleged that she was entitled to damages because of the loss of her husband's consortium and because of her subsequent illness which she alleged resulted from the fright and shock she sustained after she learned of the injuries to her husband and their child. The defendant demurred on the grounds that there was no warrant in law for the plaintiff's suit and that she

could not maintain it under either the common law or the statutory law of Tennessee. The Circuit Judge sustained the demurrer and the plaintiff has appealed in error.

Our Court held in *Rush v. Great American Ins. Co.*, 213 Tenn. 506, 376 S.W.2d 454, that under the law of this State the wife had no right to recover for the loss of her husband's consortium. This case was decided in 1963, and the law was as so declared until the enactment of Chapter 86 of the Public Acts of 1969 which became effective on April 17, 1969, and which provided that after its passage the wife should have the right to recover for the loss of her husband's consortium. The statute was codified as Section 25-109, Tennessee Code Annotated.

■ The plaintiff insists that the statute should be given retroactive application and she under its terms be allowed to recover for the loss of her husband's consortium. In *Jennings v. Jennings,* 165 Tenn. 295, 54 S.W. 2d 961, this Court in an opinion by Chief Justice Green said:

"It was said by this court in *Heiskell v. Lowe*, 126 Tenn. 475, 491, 153 S.W. 284, 288, 'that all statutes are to be construed as having only a prospective operation, unless the purpose and intention of the legislature to give them a retrospective effect is expressly declared or is necessarily implied from the language used. In every case of doubt, the doubt must be solved against the restrospective effect.' And again 'that a law will not be given a restrospective operation, unless that intention has been manifested by the most clear and unequivocal expression.' See also *Dugger v. Mechanics'*

*& Traders' Insurance Co.,* 95 Tenn. 245, 32 S.W. 5, 28 L.R.A., 796.''

The principle so declared is applicable to the case at bar. To give Chapter 86 of the Public Acts of 1969 retroactive application to this case would be to construe it to create a cause of action where none existed before its passage. This we must not do.

In *Nuckles v. Tenn. Electric Power Co.,* 155 Tenn. 611, 299 S.W. 775, the facts were that a mother saw her son injured by a street car and sued for physical injuries which she alleged were caused by the fright and shock which resulted from her having seen the accident. The Court said:

''We are not aware of any considered decision which holds that there can be a recovery for fright or shock because of danger to another, or injuries upon another in the presence of the plaintiff, even though the person imperiled or injured was near and dear to the plaintiff.

''In other words, to justify a recovery in tort there must be a wrong done to the person or property of the plaintiff. *Chattanooga Warehouse & Cold Storage Co. v. Anderson,* 141 Tenn. 288, 296, 210 S.W. 153; *Williams v. [City of] Nashville,* 106 Tenn. 533, 63 S.W. 231. When the defendant endangered and injured the son of the plaintiff it committed no trespass upon the person of the plaintiff, and the plaintiff has no standing to maintain an action for personal injuries. It is true a parent has a property interest in the welfare of the child by reason of the parent's liability for the care of the child, and the parent's right to the earnings of the child. A trespass upon this property right, however, is

not to be redressed in this action and no such relief is herein sought.''

This rule governs the plaintiff's claim for personal injuries which must be denied.

The Circuit Court properly sustained the defendant's demurrer and we affirm its judgment. The costs are adjudged against the plaintiff.

DYER, CHIEF JUSTICE, and CRESON, JUSTICE, JENKINS and SMITH, SPECIAL JUSTICES, concur.