No. 46,726

Leslie J. Campbell American Legion Post No. 15, Iola, Kansas (Plaintiff), v. Ross Wade, Sheriff of Allen County, Kansas, (Defendant), *Appellee*, v. State of Kansas, ex rel. Vern Miller, Attorney General of Kansas (Intervenor), *Appellant*.

(502 P. 2d 773)

Opinion filed November 4, 1972.

*Patrick L. Connolly*, assistant attorney general, argued the cause, and *Vern Miller*, attorney general, and *Jack N. Williams*, assistant attorney general, were with him on the brief for the intervenor-appellant.

*Robert V. Talkington*, of Conderman & Talkington, of Iola, argued the cause and *J. D. Conderman* of the same firm was with him on the brief for the plaintiff-appellee Leslie J. Campbell American Legion Post No. 15, and *Mitchell H. Bushey*, county attorney, was with him on the brief for the defendant-appellee sheriff, Ross Wade.

The opinion of the court was delivered by

Owsley, J.: The plaintiff filed this replevin action against the sheriff of Allen County, hereinafter referred to as sheriff, to recover

five slot machines and some coins contained therein. The State of Kansas, *ex rel.*, Vern Miller, Attorney General, hereinafter referred to as the state, filed a motion to intervene in the action and the trial court refused to permit the intervention. The state appeals.

The slot machines and the coins were seized from the plaintiff at Iola, Kansas, on the 18th day of June, 1971, by agents of the Kansas Bureau of Investigation. In connection with criminal proceedings commenced in Allen County against the club manager and two patrons of the plaintiff, an order was issued by the trial court directing the K. B. I. to deliver the property seized to the sheriff of Allen County so the defendants in the criminal proceedings could inspect the property in preparation of their defense. At the conclusion of the trial, the court directed the property to be held by the sheriff until further order of the court. Shortly after the conclusion of the criminal proceedings the plaintiffs in this action filed a motion for return of the property. The trial court stated that it did not have jurisdiction over the property and that it was a matter between the sheriff and the alleged property owner. Thereupon, plaintiff filed its petition in replevin seeking to recover from the sheriff the slot machines and the coins, and at the same time filed its affidavit of ownership, request for immediate return, and a bond. An order for delivery of the property was then issued by the court and the slot machines and the coins were delivered to the plaintiff. Upon receiving information to this effect the office of the attorney general contacted the county attorney of Allen County and the office was informed that the county attorney was representing the sheriff and the sheriff's position was that of an innocent stakeholder. Thereupon, the state filed its motion to intervene. Subsequently, the sheriff filed an answer disclaiming any right or ownership in the property. After hearing, the trial court entered its order denying the motion to intervene. The basis of the state's motion is K. S. A. 1971 Supp. 60-224 (*a*), which reads:

"(*a*) *Intervention of right.* Upon timely application anyone shall be permitted to intervene in an action: (1) When a statute confers an unconditional right to intervene; or (2) when the applicant claims an interest relating to the property or transaction which is the subject of the action and he is so situated that the disposition of the action may as a practical matter substantially impair or impede his ability to protect that interest, unless the applicant's interest is adequately represented by existing parties."

The only basis on which plaintiff maintains the state does not fall within the provisions of this statute is that the state's "interest is adequately represented by existing parties"; that is, the sheriff.

Briefly stated, plaintiff's argument is that the sheriff had lawful possession of the property and that his possession was necessarily on behalf of the state by virtue of the court order. The state as an abstract entity cannot hold possession of any property. The sheriff as an agent of the state has a superior right to possession. It takes two parties with conflicting interests to raise an issue. Here, there is only one party—a public official who is an agent of the state. The issue, regardless of who is the nominal defendant, is between the plaintiff and the state. Plaintiff concludes that since there is no issue between the sheriff and the state no intervention is warranted.

The state contends its interest is not adequately represented by the sheriff since the sheriff by his answer takes the position of an innocent stakeholder. The state adds that unless the sheriff claims rights under K. S. A. 1971 Supp. 22-2512 (2) and (4), the interest of the state is not protected.

K. S. A. 1971 Supp. 22-2512 (2) and (4) reads as follows:

"(2) Money shall be restored to the owner unless it was contained in a slot machine or otherwise used in unlawful gambling or lotteries, in which case it shall be forfeited, and shall be paid into the county school fund.

. . . . . . . . . . . . . . .

"(4) Articles of contraband shall be destroyed, except that any such articles which may be capable of innocent use may in the discretion of the court be sold and the proceeds disposed of as provided in subsection (2)."

The state then argues the coins should be forfeited because they were contained in a slot machine as provided by the statute. The state also argues that slot machines are contraband because they are gambling devices per se. (State, ex rel., v. Myers, 152 Kan. 52, 102 P. 2d 1028.)

The state cites several cases from the federal courts in support of its right to intervention, pointing out that Rule 24 (a) of the Federal Rules of Civil Procedure is nearly identical to K. S. A. 1971 Supp. 60-224 (a). The state relies on Nuesse v. Camp, 385 F. 2d 694 (D. C. Cir. 1967) as supporting a rule that intervention under Rule 24 (a) should have liberal application in favor of intervention. In Nuesse it was said:

". . . We know from the recent amendments to the civil rules that in the intervention area the 'interest' test is primarily a practical guide to disposing of lawsuits by involving as many apparently concerned persons as is compatible with efficiency and due process. . . .

. . . . . . . . . . . . . . .

". . . [T]he opportunity to raise the same issue in another forum was no bar to intervention as of right, . . .

.  .  .  .  .  .  .  .  .  .  .  .  .  .

"The Commissioner's right to intervene as a party depends also on whether his interest is adequately represented by existing parties. (Citation.) The prior text of Rule 24 spoke in terms of whether representation by existing parties 'is or may be inadequate'. The present rule provides for intervention 'unless the applicant's interest is adequately represented by existing parties.'

"While the change in wording does not relate to any change in standard as such, it underscores both the burden on those opposing intervention to show the adequacy of the existing representation and the need for a liberal application in favor of permitting intervention.

.  .  .  .  .  .  .  ,  .  .  .  .  .  .  .

". . . [T]he mere fact that there is a slight difference in interests between the applicant and the supposed representative does not necessarily show inadequacy, if they both seek the same outcome. . . . However, interests need not be wholly 'adverse' before there is a basis for concluding that existing representation of a 'different' interest may be inadequate." (pp. 700, 702, 703.)

We agree that the liberal application afforded Rule 24 (*a*) by the federal courts should be applied to K. S. A. 1971 Supp. 60-224 (*a*). We do not believe, however, that an application of the rule of liberal construction is necessary to support our conclusion in this case. The interests of the State of Kansas in the subject matter of this action are clearly shown by the provisions of K. S. A. 1971 Supp. 22-2512 (2) and (4). It is the duty of the attorney general to protect these interests. *State, ex rel., v. Board of Education of the City of Beloit,* 177 Kan. 540, 280 P. 2d 929. It would be anomalous to conclude that the state loses its right to an interest in property granted by statute because a county sheriff refuses to assert that interest. We are not concerned with who is the proper agent of the state to hold possession of this property. Our concern is with the right of the state to assert before courts of this state its interest in the property. While the ultimate decision of what disposition is made of the subject matter of this action lies with the courts, we cannot deny the right of the state to present to the court its claim to the property. The disposition of the property is not at issue in this appeal and we would extend appellate jurisdiction beyond its limits to consider that issue.

Plaintiff contends the state does not have a right of appeal under K. S. A. 60-2102 (*a*) (4) because an order denying intervention is not an appealable order. The right to appeal in these circumstances was determined in *Ousley v. Osage City;* 95 Kan. 254, 147 Pac. 1110. G. S. 1915, ch. 93, art. 22, § 7470, then in effect, referred to a "final

order" and K. S. A. 60-2102 (a) (4) refers to a "final decision." We see no distinction in the applicable statutes and conclude *Ousley v. Osage City,* supra; is controlling.

Plaintiff further contends this is an interlocutory appeal and the state has not complied with the provisions of K. S. A. 60-2102 (b). An appeal from a "final decision" under K. S. A. 60-2102 (a) (4) does not require compliance with K. S. A. 60-2102 (b), relative to interlocutory appeals.

Reversed with directions to allow intervention.