## 19556

Lucy BERRY, Appellant, v. Sammie MYRICK, Jr., and R. H.
CLARK Company, Respondents.
(194 S. E. (2d) 240)

*Messrs. Lee and Ball,* of Columbia, *for Appellant,*

*Robert Currin, Jr., Esq.* of *Nelson, Mullins, Grier and Scarborough,* Columbia, *for Respondents,*

January 23, 1973.

Moss, Chief Justice:

Lucy Berry, the appellant herein, brought this action to recover damages for loss of consortium resulting from personal injuries alleged to have been inflicted upon her husband by reason of the negligent operation of an automobile owned by R. H. Clark Company and being driven at the time by Sammie Myrick, Jr., both of whom are respondents herein. The respondents demurred to the complaint on the ground of legal insufficiency of facts to constitute a cause of action for loss of consortium. This is an appeal from an order sustaining the demurrer.

The appellant alleges in her complaint that her husband was injured, by reason of the negligence of the respondents,

on February 9, 1968, and "on that date and still, has constantly deprived the plaintiff of the consortium of her husband."

In this State we have followed the common law rule and adhered to the view that a wife does not have a cause of action for the loss of her injured husband's consortium caused by the negligence of a third person. *Page v. Winter,* 240 S. C. 516, 126 S. E. (2d) 570. Many states follow this same rule and the cases so holding are collected and set forth in 36 A. L. R. (3d), commencing at page 918.

The General Assembly of this State, by an act approved June 25, 1969, which appears as Section 10-2593 in the 1972 Supplement to the code, provided as follows:

"Any person may maintain an action for damages arising from an intentional or tortious violation of the right to the companionship, aid, society and services of his or her spouse. *Provided,* that such action shall not include any damages recovered prior thereto by the injured spouse.

"This section shall not be retroactive but shall be effective only on cause of action arising after June 25, 1969."

The obvious purpose of the General Assembly in enacting the foregoing statute was to extend to the wife the right to recover for the loss of the consortium of her husband which right existed only in favor of the husband under the common law. However, the statute was not to be retroactive and was to be effective only on a cause of action arising after June 25, 1969.

It has been held that under a statute allowing a wife's action for the loss of consortium that no such right of action exists for injuries received before the effective date of the statute. *Leventhal v. Melville Shoe Corp.,* 110 N. H. 367, 268 A. (2d) 840 and *Burroughs v. Jordan,* 224 Tenn. 418, 456 S. W. (2d) 652.

In *Brown v. Finger,* 240 S. C. 102, 124 S. E. (2d), 781, we held that a husband's right to sue for loss of consortium of his wife Accrues when the loss of the severe, society and

and companionship of the wife actually occurs. The rationale of this decision is applicable here. According to the appellant's complaint, the loss of consortium of the husband actually occurred and arose on February 9, 1968, this being the time he received his personal injuries by reason of the alleged negligence of the respondents.

We quote the following from 173 A. L. R., page 775:

"In what may be termed the usual situation where the loss of services or consortium is an immediate rather than a delayed consequence of the defendant's negligence or wrongful act causing physical injury to plaintiff's spouse, child or employee—as in those negligence cases in which the fact of substantial physical injury of the direct victim of the tort is evident immediately after the negligent act, and the tortious act, the physical injury, and the initial loss of consortium or services are practically simultaneous events—it seems to be clear that as a practical matter the cause of action for loss of the consortium or services of the injured person would accrue . . . at the same time as would the cause of action to recover for the physical injuries, to-wit, as of the time the physical injury was sustained, for in this situation that would be the time that the initial loss of consortium or services occurred."

If the appellant is to prevail she must do, so pursuant to provisions of Section 10-2593 of the Code. This statute, by it's terms, cannot be given retroactive effect and applies only prospectively. It is apparent to us that the General Assembly did not intend for a wife to be able to assert a cause of action for loss of consortium which arose prior to June 25, 1969. The statute only authorizes a cause of action "arising after" June 25, 1969. The word "arising", while having a progressive and prospective meaning in some circumstances, usually signifies the present; generally, it denotes immediate present, and only occasionally implies future events or occurrences. It cannot with any propriety, relate to time past and embrace former transactions. The word has been defined as meaning "originating".

6 C. J. S., p. 336. The word "after" has been defined as meaning later, succeeding, subsequent to or subsequent in time to. Black's Law Dictionary, 4th Ed.

It follows that the true meaning of "cause of action arising after June 25, 1969," is one originating subsequent to June 25, 1969, and excludes any remedy by a wife for the loss of her husband's consortium arising before or prior to June 25, 1969.

It is conclusive from the complaint that the appellant lost the consortium of her husband on February 9, 1968, the date of his injury. At the time of such loss, the appellant could not maintain an action under the terms of the aforesaid statute. A wife's right to maintain a cause of action for the loss of consortium of her husband can only be maintained where the loss originated subsequent to June 25, 1969.

It follows that there was no error on the part of the trial judge in sustaining the demurrer to the complaint.

Affirmed.

LEWIS, BUSSEY, BRAILSFORD and LITTLEJOHN, JJ., concur.