(576 P.2d 1090)
No. 49,106

GLYN DEAN ALBERTSON (Plaintiff), *Appellee,* v. VERNON L. TRAVIS (Defendant), *Appellee.* SARA ALBERTSON (Intervenor), *Appellant.*

Opinion filed March 31, 1978.

*David A. Gripp,* of Wendelken, Cline & Crockett, of Wichita, for the intervenor-appellant.

*Richard D. Cordry,* of Michaud, Cranmer, Syrios & Post, of Wichita, for the plaintiff-appellee, Glyn Dean Albertson.

*Frank E. Robbins* and *Kenneth H. Hiebsch,* of Hiebsch, Robbins & Tinker, of Wichita, for the defendant-appellee, Vernon L. Travis.

Before REES, P.J., SPENCER and PARKS, JJ.

PARKS, J.: Appellant, Sara Albertson, seeks to intervene in a personal injury suit brought by her husband, Glyn Dean Albertson, and to file a cross-claim against him for failure to assert a claim in her behalf for loss of consortium. Her motion was denied and she appeals from that order. Although the Albertsons are now divorced, we continue to identify them as husband and wife because this appeal relates to events which occurred during their marriage.

Appellees are Glyn Dean Albertson and the defendant in the personal injury suit, Vernon L. Travis.

While this appeal was being processed, the trial court entered a judgment in favor of the plaintiff husband. Subsequently, appellee Travis filed a motion to dismiss this appeal as being moot. His motion is denied. Under K.S.A. 60-2102($a$)(4), an order denying an application to intervene is an appealable order. Here a timely appeal from a final order of the district court was filed by

the appellant. We conclude that her appeal is properly before this court. *Campbell American Legion v. Wade,* 210 Kan. 537, 502 P.2d 773 (1972).

A question has also been raised concerning the statement of proceedings filed pursuant to Rule No. 3.04. We have determined that the appeal should be heard on its merits.

We will first consider whether under the facts of this case the wife whose husband fails or refuses to assert a claim for her benefit may intervene in a personal injury suit demanding damages for loss of consortium.

On December 6, 1975, Glyn Albertson sustained personal injuries which allegedly caused the loss or impairment of his ability to perform services for his wife. The then controlling statute, K.S.A. 23-205, made no provision for a husband to recover damages for loss of consortium for the benefit of his wife.

Eleven years earlier the Kansas Supreme Court had expressly refused to extend the common law by giving the wife a cause of action for loss of consortium caused by negligent injury to her husband. The court acknowledged that the wife had no cause of action at common law for loss of consortium and that the enactment of the statute (K.S.A. 23-205) did not give her a cause of action which she did not have at common law. In Kansas, the entire damage in cases of negligent injury to a husband or father has always been considered as centering in him, and a settlement with him has always been recognized as closing the incident. *Hoffman v. Dautel,* 192 Kan. 406, 388 P.2d 615 (1964).

In rendering its decision, the court concluded:

"[T]he legislature rather than the courts can best deal with the problems presented. For example, the legislature, if it found this type of suit to be desirable, could define the extent of the liability, designate who may maintain the action as it did in the situation where the wife is negligently injured (G.S. 1949, 23-205), and provide safeguards against the danger of double recovery, such as a requirement that there be a *joinder of the person directly injured and the one consequentially harmed.* The legislature could also specify whether the proceeds should belong to the plaintiff alone or to both spouses. Clarification by statute as to both the husband and the wife would, of course, be preferable to piecemeal determination of the problems by judicial decision." (*Hoffman v. Dautel,* supra at p. 422.) (Emphasis added.)

On December 6, 1975, the appellant wife had no cause of action for loss of consortium and her husband had no duty or authority to recover such damages for her benefit. Accordingly, we hold

that the appellant's motion to intervene was properly denied.

We now turn to the question of whether the 1976 amendment to K.S.A. 23-205 should be applied retrospectively to permit the appellant's intervention. In our view, it should not.

Twelve years after *Hoffman v. Dautel,* supra, and one year after the injuries in the instant case were sustained, the legislature amended K.S.A. 23-205 by extending the right of action to recover damages thereunder to the husband, for the benefit of his wife.

Our Supreme Court has long adhered to the rule that a statute will operate prospectively rather than retrospectively unless its language clearly indicates that the legislature intended the latter. *Eakes v. Hoffman-LaRoche, Inc.,* 220 Kan. 565, 568, 552 P.2d 998 (1976). See *Bromfield v. Seybolt Motors,* 109 N.H. 501, 256 A.2d 151 (1969); *Berry v. Myrick,* 260 S.C. 68, 194 S.E.2d 240 (1973); *Burroughs v. Jordan,* 224 Tenn. 418, 456 S.W.2d 652 (1970), which held that where the wife's right to recover for loss of consortium is established by statute, no such right of action exists for injuries received before the effective date of the statutes.

We need not decide whether K.S.A. 60-224($a$) authorizes a real party in interest to intervene in loss of consortium cases. By definition, the appellant is not a real party in interest. On December 6, 1975, she had neither a common law nor a statutory right to recover damages for loss of consortium.

Appellant's cross-claim against her husband was properly dismissed because the law imposed no duty upon him to assert in her behalf a nonexistent claim for loss of consortium.

The question of the constitutionality of the pre-1976 version of K.S.A. 23-205 is not properly before this court. The record and counsel's statement at oral argument disclose that this issue was not raised in the trial court. It is well settled that an issue presented for the first time on appeal will not be considered by an appellate court. *Shutts, Executor v. Phillips Petroleum Co.,* 222 Kan. 527, 554, 567 P.2d 1292 (1977).

Affirmed.

SPENCER, J., concurring and dissenting:

With all due respect, I must dissent from the opinion of the majority, which appears to me to be discrimination based on sex. I prefer to subscribe to what was referred to as the modern rule in *Hitaffer v. Argonne Co., Inc.,* 183 F.2d 811 (D.C. Cir. 1950), cert.

denied, 340 U.S. 852, 95 L.Ed. 624, 71 S.Ct. 80 (1950), overruled on another point in *Smither and Company, Inc. v. Coles,* 242 F.2d 220 (D.C. Cir. 1957), cert. denied, 354 U.S. 914, 1 L.Ed.2d 1429, 77 S.Ct. 1299 (1957):

". . . 'The actual injury to the wife from loss of *consortium,* which is the basis of the action, is the same as the actual injury to the husband from that cause. His right to the conjugal society of his wife is no greater than her right to the conjugal society of her husband. Marriage gives each the same rights in that regard. Each is entitled to the comfort, companionship, and affection of the other. The rights of the one and the obligations of the other spring from the marriage contract, are mutual in character, and attach to the husband as husband and to the wife as wife. *Any interference with these rights, whether of the husband or of the wife, is a violation, not only of natural right, but also of a legal right arising out of the marriage relation* . . . .' " (183 F.2d at 816.)

The decision of the majority is based almost exclusively upon the extremely well-reasoned opinion in *Hoffman v. Dautel,* 192 Kan. 406, 388 P.2d 615 (1964), written by our now Chief Justice Schroeder, wherein the court did refuse to extend the common law by giving the wife a cause of action for loss or impairment of consortium caused by negligent injury to her husband. However, in doing so, it was also noted:

"Our court is committed to the proposition that the common law is not static, but is endowed with vitality and a capacity to grow. It never becomes permanently crystalized but changes and adjusts from time to time to new developments in social and economic life to meet the changing needs of a complex society . . . ." (192 Kan. at 414.)

The decision in *Hoffman* was, at the time, in accord with the position adopted by a majority of the states, but that situation is no longer true. For a thorough discussion of what has been referred to as "dramatic reversal in the weight of authority" and the need to await legislative enactment, see *Rodriguez v. Bethlehem Steel Corp.,* 12 Cal. 3d 382, 115 Cal. Rptr. 765, 525 P.2d 669 (1974). There it was noted that in 1958 only five jurisdictions recognized the right of the wife to recover for the loss of consortium, but that since that time the number had grown to at least thirty-one, in twenty-six of which the change was brought about by judicial decision. See also, *The Wife's Right to Consortium,* 14 Wash. L.J. 309 (1975); and Restatement (Second), Torts § 693, p. 495, which since *Hoffman* has been modified to provide:

"One who by reason of his tortious conduct is liable to one spouse for illness or other bodily harm is subject to liability to the other spouse for the resulting loss of

the society and services of the first spouse, including impairment of capacity for sexual intercourse . . . ."

I agree with the majority that a statute is to operate prospectively rather than retrospectively, unless its language clearly indicates that the legislature intended the latter. However, it is suggested that the 1976 amendment to K.S.A. 23-205 merely codified what had come to be the common law of this state well before the injuries sustained by the plaintiff and, at that time, the common law did in fact recognize a cause of action in the husband for the benefit of his wife for loss or impairment of consortium resulting from the tortious injury of the husband by a third party. I suggest also that had our Kansas Supreme Court considered this matter in 1975 such would have been the holding. See *Fritzson v. City of Manhattan,* 215 Kan. 810, 528 P.2d 1193 (1974). As to procedural difficulties or provisions for safeguard as noted in *Hoffman,* it is suggested that any problems that might arise by recognizing the rights of the wife are no different in fact than problems that now exist in recognizing those of the husband.

With a recognition of the wife's cause, all of the elements governing the right to intervene, *i.e.* timely application, a substantial interest, and lack of adequate representation of her interests, appear to exist. *American States Ins. Co. v. Hartford Accident & Indemnity Co.,* 218 Kan. 563, 573, 545 P.2d 399 (1976). That right should be liberally construed in order to protect legitimate interests. *Hukle v. City of Kansas City,* 212 Kan. 627, 512 P.2d 457 (1973).

I agree with the majority that the wife's cross-claim against her husband was properly dismissed. It has long been the rule of this state that neither spouse may maintain an action in tort for damages against the other. *Fisher v. Toler,* 194 Kan. 701, 401 P.2d 1012 (1965). It is also agreed that the constitutionality of the pre-1976 version of K.S.A. 23-205 is not properly before this court. "Where constitutional grounds for reversal of a judgment are asserted for the first time on appeal they are not properly before the appellate court for review." *Malone v. University of Kansas Medical Center,* 220 Kan. 371, Syl. 1, 552 P.2d 885 (1976). As to constitutionality of the pre-1976 version of K.S.A. 23-205, see *Mann v. Golden,* 428 F. Supp. 560 (D. Kan. 1977).

While fully aware that we are bound by the pronouncements of law made by our Supreme Court and that we must defer to that court for reconsideration of any doctrine of the common law, I nevertheless deem it necessary to express my views in this cause.