No. 48,025

Rose Malone and Grant Malone, *Appellants*, v. The University of Kansas Medical Center, et al., *Appellees*.

(552 P. 2d 885)

Opinion filed July 23, 1976.

*Robert A. Sundblad*, of Kansas City, Missouri, argued the cause, and *Dwight Kingery*, of Kansas City, Kansas, and *H. George Lafferty, Jr.*, of Kansas City, Missouri, were with him on the brief for the appellants.

*Lee J. Dunn, Jr.*, special assistant attorney general, argued the cause, and *Curt T. Schneider*, attorney general, was with him on the brief for the appellees.

The opinion of the court was delivered by

Miller, J.: This is an action for damages arising from the alleged failure of the defendants, University of Kansas Medical Center and the Board of Regents of the University of Kansas Medical Center, to provide the plaintiff, Rose Malone, with complete, competent, necessary, and authorized medical treatment. The trial court sustained defendants' motion to dismiss and plaintiffs appeal. The principal issue here is whether the amended petition states a cause of action in tort and not in contract.

The plaintiffs, husband and wife, filed an original petition drawn in eight counts on August 2, 1974. It alleged that Rose Malone presented herself at the Medical Center for examination, diagnosis, and treatment on August 22, 1973. She was examined by three physicians, one of whom gave her a prescription for an alleged infection and instructed her to return home. On the following day she became ill, suffered intense pain, and was returned to the Medical Center by ambulance. Her uterus had ruptured, causing the death of the fetus she was carrying. A total abdominal hys-

terectomy was performed without her consent. The eight counts were based upon claims of negligence and were variously against four physicians, the Medical Center, and the Board of Regents.

The Medical Center and the Board of Regents moved to dismiss on the grounds, *inter alia,* that the Medical Center and the Board of Regents were immune from liability and suit for negligence under the provisions of K. S. A. 46-901. Plaintiffs filed motion for leave to amend the petition which was granted, and an amended petition was filed November 4, 1974. The first four counts of the amended petition claimed damages for negligence and were against physicians individually. These counts were later dismissed with prejudice on plaintiffs' motion.

Counts 5 and 6 concern the remaining defendants, the Medical Center and the Board of Regents. Both counts include by reference all of the allegations of counts 1, 2, 3, and 4 which are pertinent. Count 5 alleges that when Rose Malone presented herself for treatment on August 22, she entered into an "express contract" with the Medical Center, by the terms of which the Center agreed to provide "complete, competent, and necessary medical treatment" for her. The petition then alleges that the Medical Center breached that contract in that it failed to provide the medical treatment promised but instead released her, gave her a prescription for an alleged infection and sent her home. Count 6 alleges that when Rose Malone presented herself for treatment on August 23, 1973, both plaintiffs entered into an express contract with the Medical Center by the terms of which the Medical Center agreed to provide "only necessary, competent and authorized medical treatment" for Mrs. Malone. The Center, it is alleged, breached this agreement by (a) "failing to provide competent physicians and surgeons to treat" Rose, and (b) "performing a hysterectomy on (Rose) without her informed consent."

The Medical Center and the Board of Regents again moved to dismiss for the reason that the amended petition fails to state a "cause of action" upon which relief can be granted. Defendants alleged that Rose was not a patient on August 22, 1973; that the mere unsubstantiated allegation that a contract has been created is not sufficient to substantiate a "cause of action" for breach of contract; and that although the amended petition is couched in terms of the breach of an express contract, it actually presents a "cause of action" the gravamen of which is in tort, for which the defendants are not liable under K. S. A. 46-901.

The motion was argued and counsel presented briefs to the court. On May 14, 1975, the court wrote to counsel, disclosing its finding that the motion to dismiss should be sustained for the reason that "it would appear that this is an action in tort and not one in contract, and the mere endeavor to couch a petition in contract based upon facts in tort is not permissible." The journal entry, which followed, recites that the court finds that "plaintiffs' action is one in tort and not in contract and that the defendants' motion to dismiss should be granted."

We note that the court ignored other grounds advanced in support of the motion as well it should. We no longer have the requirement in our law that a petition set forth a "cause of action" with particularity and specificity. The petition merely need set forth "a short and plain statement of the claim showing that the pleader is entitled to relief," and a demand for relief. K. S. A. 60-208. Even a written contract need not be recited at length in the petition; it is sufficient to reasonably identify it and state the substance thereof. K. S. A. 60-209 (h). If the opposing party wishes further information, various inexpensive and efficacious discovery procedures are provided. We note that no discovery has been conducted in this case. The only affidavits submitted with the motion state that Rose Malone was not treated on August 22, 1973, and explain that she was seen twice on August 23, first at 2 o'clock and again at 7 o'clock that morning. Whether she was seen on consecutive days or twice on the same date is immaterial at this stage of the proceeding.

Two points were designated and are argued on appeal. These are (1) that K. S. A. 46-901 is unconstitutional and therefor plaintiffs' lawsuit may be maintained whether it sounds in tort or in contract; and (2) that the trial court erred in finding that the first amended petition sounds in tort and not in contract.

There are two reasons why the constitutional argument must fail. This court's recent exhaustive analysis of the question of governmental immunity and its constitutionality culminated in Justice Schroeder's opinion on rehearing in *Brown v. Wichita State University*, 219 Kan. 2, 547 P. 2d 1015, wherein we held that K. S. A. 46-901 is not unconstitutional. We adhere to that determination. The second reason why the argument must fail is that it is not properly before us. Plaintiffs did not bring the question of the constitutionality of K. S. A. 46-901 into issue until the filing of their

brief in this court. They did not raise that issue in the trial court. In *State v. Estes,* 216 Kan. 382, 532 P. 2d 1283, we said:

"Where constitutional grounds for reversal of a judgment are asserted for the first time on appeal they are not properly before the appellate court for review." (Syl. 3.)

And in *Vaughn v. Murray,* 214 Kan. 456, 521 P. 2d 262, we held that:

"A constitutional challenge to a legislative act will not be entertained on appeal to this court unless the challenge has been alleged in the pleadings or presented to the trial court, absent some compelling state interest." (Syl. 4.)

No such compelling state interest here appears.

We turn now to the second issue presented—whether the amended petition sounds in tort or in contract. If the action is a tort action based on negligence, or if it is an action on an implied contract, then the action is barred by K. S. A. 46-901. That statute, however, does not bar actions on express contracts.

The nature of a claim—whether it sounds in tort or contract—is determined from the pleadings (*Crabb v. Swindler, Administratix,* 184 Kan. 501, 507, 337 P. 2d 986, and cases cited) and from the real nature and substance of the facts therein alleged. 1 C. J. S. Actions, § 35, p. 1076. The amended petition states that an express contract was entered into. It sets out generally the terms thereof, and then states in what manner plaintiffs claim the contract was breached.

A breach of contract may be said to be a material failure of performance of a duty arising under or imposed by agreement. A tort, on the other hand, is a violation of a duty imposed by law, a wrong independent of contract. Torts can, of course, be committed by parties to a contract. The question to be determined here is whether the actions or omissions complained of constitute a violation of duties imposed by law, or of duties arising by virtue of the alleged express agreement between the parties.

Physicians, as well as hospitals, may enter into express contracts by which they bind themselves to warrant the success of treatment, or to otherwise obligate themselves above and beyond their ordinary duties. Such contracts may form the basis for breach of contract actions. *Noel v. Proud,* 189 Kan. 6, 367 P. 2d 61, is illustrative. The claim there was that the physician breached an express warranty, a special contract for a particular result. Such is not the situation here.

Certain duties and obligations are imposed upon physicians and

hospitals by law. Breach of such duty by a physician is malpractice, and an action for damages for malpractice is one in tort, even though there was a contract, express or implied, for employment. *Noel v. Proud,* supra, p. 11. Similarly an action for damages against a hospital for negligence, *i. e.,* for breach of duties imposed by law, sounds in tort. This is true though there may be a contract between the parties.

In *Yeager v. National Cooperative Refinery Ass'n,* 205 Kan. 504, 509, 470 P. 2d 797, we quoted the rule from 52 Am. Jur., Torts, § 26, p. 379:

"Where a contractual relationship exists between persons and at the same time a duty is imposed by or arises out of the circumstances surrounding or attending the transaction, the breach of the duty is a tort. . . ."

In *Tefft v. Wilcox,* 6 Kan. 46, 61, this court held that a physician is obligated to his patient under the law to use reasonable and ordinary care and diligence in the treatment of cases he undertakes, to use his best judgment, and to exercise that reasonable degree of learning, skill, and experience which is ordinarily possessed by other physicians in the same or similar locations. We have continued to impose those duties upon physicians. See PIK, Civil, 15.01 and cases there cited. A physician also has the duty to make a reasonable disclosure to the patient of pertinent facts within his knowledge relating to proposed treatment, in order that the patient may intelligently consent to or refuse the treatment. *Natanson v. Kline,* 186 Kan. 393, 350 P. 2d 1093.

Hospitals owe a duty to their patients to exercise reasonable care. This is such care, skill and diligence as the known physical and mental condition of the patient may require, and it is that degree of care used by other hospitals in the community or similar communities under like circumstances. See PIK, Civil, 15.02, and cases therein cited.

The Washington Supreme Court formulated a test to be used in determining whether a pleading sets up a case in contract or in tort. In *Yeager v. Dunnavan,* 26 Wn. 2d 559, 174 P. 2d 755, it said:

". . . When an act complained of is a breach of specific terms of the contract, without any reference to the legal duties imposed by law upon the relationship created thereby, the action is in contract, *but where there is a contract for services which places the parties in such a relation to each other that, in attempting to perform the promised service, a duty imposed by law as a result of the contractual relationship between the parties is violated*

*through an act which incidentally prevents the performance of the contract, then the gravamen of the action is a breach of the legal duty, and not of the contract itself. . . ."* (p. 562.)

The wrongs alleged by the plaintiffs were that the Medical Center failed to provide *necessary, complete, competent,* and *authorized* treatment for Rose Malone. It caused her to be released on the occasion of her first visit, sending her home with a prescription when she should have been retained in the hospital; it failed to provide competent physicians to treat her; and it caused to be performed a hysterectomy without securing Rose's informed consent.

The petition alleges that the Medical Center undertook to perform the contract. Rose was seen by physicians and a prescription was written and advice given on the first occasion, and she was admitted and surgery was performed on her second visit. What plaintiffs are complaining about is that the treatment provided was negligent—all of the needed treatment was not furnished, and that which was furnished was incomplete, incompetent, and unauthorized. In other words, the hospital and the physicians failed to exercise that reasonable care, skill, and diligence which the law requires of hospitals and physicians—regardless of any express contract therefor between the parties.

Clearly the action sounds in tort, and under that theory the defendants are immune from liability. The general rule is that a plaintiff will not be permitted to characterize a tort action as one in contract in order to avoid the bar of the statute of limitations or governmental immunity. *Travis v. Bishoff,* 143 Kan. 283, 54 P. 2d 955; *Talbot v. Waterbury Hospital Corp.,* 20 Conn. Sup. 149, 164 A. 2d 162 (1960); *Billings v. Sisters of Mercy of Idaho,* 86 Idaho 485, 389 P. 2d 224; *Mamunes v. Williamsburgh Gen. Hosp.,* 28 App. Div. 2d 998, 283 N. Y. S. 2d 457; and, see, *Yeager v. National Cooperative Refinery Ass'n,* supra.

We conclude that the district court was correct in sustaining the motion to dismiss. Accordingly, the judgment is affirmed.