**Norma L. PROST, Plaintiff,**

v.

**F.W. WOOLWORTH CO., Defendant.**

**No. 84–2339.**

United States District Court,
D. Kansas.

April 24, 1985.

Nunc Pro Tunc Order Oct. 10, 1986.

Jerry K. Levy, Rene M. Netherton, Law Offices of Jerry K. Levy, P.A., Topeka, Kan., for plaintiff.

William C. Martucci, Robert B. Terry, Spencer, Fane, Britt & Browne, Kansas City, Mo., Thomas M. Welsch, Spencer, Fane, Britt & Browne, Overland Park, Kan., for defendant.

## MEMORANDUM AND ORDER

SAFFELS, District Judge.

This matter is before the court on defendant's motion to dismiss plaintiff's amended complaint. In her complaint, plaintiff alleged that her discharge from employment by defendant was in breach of an alleged employment contract. Plaintiff later amended her complaint alleging that defendant was negligent in failing to warn plaintiff and in its performance of other unspecified contractual obligations.

In considering a motion to dismiss, the factual allegations of the complaint must be taken as true and all reasonable inferences must be indulged in favor of the plaintiff. *Mitchell v. King*, 537 F.2d 385 (10th Cir.1976); *Dewell v. Lawson*, 489 F.2d 877 (10th Cir.1974). A complaint should not be dismissed unless it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. *Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 101–02, 2 L.Ed.2d 80 (1957). The question is not whether a plaintiff will ultimately prevail, but whether he is entitled to offer evidence

to support his claims. *Scheuer v. Rhodes,* 416 U.S. 232, 236, 94 S.Ct. 1683, 1686, 40 L.Ed.2d 90 (1974).

Defendant seeks to dismiss plaintiff's claims of negligence on the ground that there was no cause of action in tort for the negligent performance of a contract absent a legal duty independent of the contract to use ordinary care. In *Malone v. University of Kansas Medical Center,* 220 Kan. 371, 552 P.2d 885 (1976), the Kansas Supreme Court distinguished between a cause of action sounding in tort and a cause of action sounding in contract. The court therein stated:

> A breach of contract may be said to be a material failure of performance of a duty arising under or imposed by agreement. A tort, on the other hand, is a violation of a duty imposed by law, a wrong independent of contract. Torts can, of course, be committed by parties to a contract. The question to be determined here is whether the actions or omissions complained of constitute a violation of duties imposed by law, or of duties arising by virtue of the alleged express agreement between the parties.

*Id.,* 220 Kan. at 374, 552 P.2d at 888.

Defendant asserts that it was under no legal duty to prepare evaluations or otherwise inform an employee of shortcomings in performance prior to discharge. Plaintiff agrees that there is no legal duty on the part of the employer to conduct evaluations of an employee's job performance, but argues that once the employer undertakes to perform evaluations, he must do so in a non-negligent manner.

Plaintiff's position is contrary to the employment-at-will doctrine which the Kansas courts follow. "In the absence of a contract, express or implied, between an employee and his employer covering the duration of employment, the employment is terminable at the will of either party, and the employee states no cause of action for breach of contract by alleging that he has been discharged." *Johnson v. National Beef Packing Co.,* 220 Kan. 52, 551 P.2d 779 (1976). Any rights plaintiff has in this matter would arise from a breach of con-

tract existing between the parties, and plaintiff has not alleged a violation of any duty imposed by statute or law. Under Kansas law, in the absence of a contract an employer may discharge an employee at will provided public policy is not offended. The lack of a legal duty precludes plaintiff from pursuing her negligence-based claims.

IT IS BY THE COURT THEREFORE ORDERED that defendant's motion to dismiss plaintiff's amended complaint is hereby granted and plaintiff's claims based on negligence in performance and failure to warn are hereby dismissed.

## NUNC PRO TUNC ORDER

On September 13, 1985, the court filed herein a Memorandum and Order which granted defendant's "motion to dismiss." The order should have granted defendant's "motion for summary judgment."

IT IS BY THE COURT THEREFORE ORDERED that this court's Memorandum and Order filed herein on September 13, 1985, is hereby corrected to reflect that "defendant's motion for summary judgment is hereby granted and this action is hereby dismissed."