NOT DESIGNATED FOR PUBLICATION

No. 122,686

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

DONNA HUFFMAN and LAURREL HUFFMAN,
*Appellants*,

v.

STORMONT VAIL HEALTHCARE, INC.,
*Appellee*.

MEMORANDUM OPINION

Appeal from Shawnee District Court; TERESA L. WATSON, judge. Opinion filed January 21, 2022. Affirmed.

*Donna L. Huffman*, of The Law Office of Donna L. Huffman, of Oskaloosa, for appellants.

*Cynthia J. Sheppeard*, of Goodell, Stratton, Edmonds & Palmer, LLP, of Topeka, for appellee.

Before BUSER, P.J., HILL and ISHERWOOD, JJ.

BUSER, J.: This is an appeal of the district court's order of summary judgment in favor of Stormont Vail Healthcare, Inc. (Stormont Vail) and against Donna Huffman and Laurrel Huffman (the Huffmans). The lawsuit brought by the Huffmans related to claims by Donna under the Kansas Consumer Protection Act (KCPA) regarding medical care provided to her, and a bad-faith breach of contract claim related to charges for that medical care. Laurrel asserts KCPA claims related to the same charges for care and treatment of her mother, Donna.

1

The Huffmans appeal the district court's rulings denying their request to file an amended motion for partial summary judgment, declining to consider their amended motion as a response to Stormont Vail's summary judgment motion, and granting summary judgment in favor of Stormont Vail.

Upon our review, we affirm the rulings of the district court, including its granting of summary judgment in favor of Stormont Vail.

FACTUAL AND PROCEDURAL BACKGROUND

This appeal arises from a vehicular accident and medical treatment provided to Donna by the Stormont Vail Emergency Department on June 24, 2011. Laurrel is Donna's daughter and was not involved in the accident. In June 2014, the Huffmans filed a petition alleging nine causes of action against Stormont Vail and two medical doctors. Over four years later, on August 31, 2018, the Huffmans moved for partial summary judgment against Stormont Vail based on violations of the KCPA. On September 5, 2018, Stormont Vail moved for summary judgment.

A few weeks later, on September 21, 2018, the Huffmans filed an amended motion for partial summary judgment. Stormont Vail moved to strike the amended motion, arguing that it was not amended, but rather a "second, entirely new, and untimely motion." One week later, Stormont Vail filed a response in opposition to the Huffmans' motion for partial summary judgment. The Huffmans moved for additional time to respond to the motion to strike, which Stormont Vail opposed.

Nearly one year later, on September 6, 2019, the district court held a hearing to address the various pending motions. After hearing arguments from the parties, the district court ruled against the Huffmans and in favor of Stormont Vail. Regarding Stormont Vail's motion for summary judgment, the district judge stated:

"I am going to conclude that each and every argument that [Stormont Vail] made in support of their motion is supported by law. [Stormont Vail's] motion for summary judgment is granted based on the uncontroverted facts and based on the legal arguments made in their brief. I am going to incorporate those as the judgment of the Court."

In a journal entry filed after the hearing the district court ruled:

"[Huffmans'] Motion for Partial Summary Judgment is denied. [Stormont Vail's] Motion to Strike [Huffmans'] Amended Summary Judgment Motion is granted. [Huffmans'] Motion for Additional Time, filed on October 25, 2018, is denied. [Huffmans] failed to provide any response to [Stormont Vail's] Motion for Summary Judgment or Statement of Uncontroverted Facts, therefore, the facts set out in [Stormont Vail's] dispositive motion are uncontroverted. [Huffmans'] oral motion to consider the Amended Motion for Partial Summary Judgment as a response for [Stormont Vail's] dispositive motion is denied for [Huffmans] failure to comply with [Supreme Court] Rule 141 [(2021 Kan. S. Ct. R. 220)]. [Stormont Vail's] Motion for Summary Judgment is granted."

The Huffmans appeal.

STRIKING OF HUFFMANS' AMENDED MOTION FOR PARTIAL SUMMARY JUDGMENT

On appeal, the Huffmans contend the district court erred in granting Stormont Vail's motion to strike their amended motion for partial summary judgment.

The district court based its ruling on its understanding that K.S.A. 60-215(a) did not permit an amendment to the Huffmans' motion for partial summary judgment. The district court found: "There is no provision in the rules of civil procedure to file an amended partial summary [judgment] motion. That amended motion was out of time as set forth in the case management order. There is no other authority for that."

3

According to the Huffmans, because of this error the district court should reinstate their amended motion under K.S.A. 2020 Supp. 60-215(a). For its part, Stormont Vail argues a dispositive motion—such as a motion for partial summary judgment—may not be amended under K.S.A. 2020 Supp. 60-215(a) because a dispositive motion is not a pleading under K.S.A. 2020 Supp. 60-207(a).

Resolution of this issue requires interpretation of K.S.A. 2020 Supp. 60-215. Statutory interpretation presents a question of law over which this court has unlimited review. *Nauheim v. City of Topeka*, 309 Kan. 145, 149, 432 P.3d 647 (2019). The most fundamental rule of statutory interpretation is that the intent of the Legislature governs if that intent can be ascertained. *State ex rel. Schmidt v. City of Wichita*, 303 Kan. 650, 659, 367 P.3d 282 (2016).

> "When interpreting a statute, a court first attempts to discern legislative intent through the statutory language, giving common words their ordinary meanings. *Whaley v. Sharp*, 301 Kan. 192, 196, 343 P.3d 63 (2014). When the language is plain and unambiguous, the court must give effect to its express language, rather than determine what the law should be. The court will not speculate about legislative intent and will not read the statute to add something not readily found in it. *Graham v. Dokter Trucking Group*, 284 Kan. 547, Syl. ¶ 3, 161 P.3d 695 (2007)." *Nauheim*, 309 Kan. at 149-50.

K.S.A. 2020 Supp. 60-215(a) allows a party to amend a pleading within "21 days of serving it" or "if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under subsections (b), (e) or (f) of K.S.A. 60-212, and amendments thereto, whichever is earlier."

The Huffmans assert the district court improperly read K.S.A. 60-215 to exclude summary judgment motions because "the statute does not have an exclusion for summary

4

judgment in the text." As Stormont Vail points out, however, a motion for summary judgment is not a pleading under K.S.A. 2020 Supp. 60-207(a), which states:

> "(a) *Pleadings.* Only these pleadings are allowed:
>> (1) A petition that complies with subsection (c);
>> (2) an answer to a petition;
>> (3) an answer to a counterclaim designated as a counterclaim;
>> (4) an answer to a crossclaim;
>> (5) a third-party petition;
>> (6) an answer to a third-party petition; and
>> (7) if the court orders one, a reply to an answer."

Our Supreme Court has found "[b]y definition, a 'pleading' consists of a petition and an answer and not a filing such as the . . . supplement to [a] motion to dismiss." *Sperry v. McKune*, 305 Kan. 469, 481, 384 P.3d 1003 (2016). Based on *Sperry* and the express language of K.S.A. 2020 Supp. 60-207(a), a motion for summary judgment is not a pleading because it does not consist of a petition or an answer. Rather, it is a motion, which is controlled by K.S.A. 2020 Supp. 60-207(b):

> "(b) *Motions and other papers.* (1) *In general.* A request for a court order must be made by motion. The motion must:
>> (A) Be in writing, unless made during a hearing or trial;
>> (B) state with particularly the grounds for seeking the order; and
>> (C) state the relief sought."

Kansas courts construe statutes to avoid unreasonable or absurd results, and we presume the Legislature does not intend to enact meaningless legislation. *In re Marriage of Traster*, 301 Kan. 88, 98, 339 P.3d 778 (2014). The Huffmans' interpretation of K.S.A. 2020 Supp. 60-215 conflates the terms "pleading" and "motion" to have the identical meaning under K.S.A. 2020 Supp. 60-215(a). But the two words should not be conflated because they were separately defined in K.S.A. 2020 Supp. 60-207. Moreover, K.S.A.

5

2020 Supp. 60-215(a)(1)(B) uses both terms to refer to different types of filings. The Huffmans' interpretation of K.S.A. 2020 Supp. 60-215(a) would render the use of the word "pleading" to be meaningless because it would permit any filing to be amended.

In short, the Huffmans' interpretation improperly reads something into the statute that is not readily found in its words—authorizing amendments to motions under K.S.A. 60-215(a), which explicitly authorizes amendments only to pleadings.

Finally, even assuming the motion was a pleading, our court has recognized that

> "'[a] trial court is given broad discretionary power under K.S.A. 60-215 to permit or deny the amendment of pleadings, and its action will not constitute reversible error unless it affirmatively appears that the amendment allowed or denied is so material it affects the substantial rights of the adverse party. [Citation omitted.]" *Clevenger v. Catholic Social Service of the Archdiocese of Kansas City*, 21 Kan. App. 2d 521, 524, 901 P.2d 529 (1995).

The Huffmans do not make a claim that their substantial rights were affected.

Finally, as the district court found, the Huffmans' amended motion for partial summary judgment was filed beyond the deadline established for the filing of dispositive motions. Under these circumstances alone there is no abuse of discretion.

In summary, the Huffmans have not shown that the district court erred in denying their amended motion for partial summary judgment under K.S.A. 2020 Supp. 60-215(a). The statute specifically addresses amendments to pleadings and the Huffmans have not shown why their interpretation is sound despite a lack of authority and in the face of contrary authority. See *In re Adoption of T.M.M.H.*, 307 Kan. 902, 912, 416 P.3d 999 (2018). The district court did not abuse its discretion in denying the Huffmans' amended motion for partial summary judgment.

6

The Huffmans contend the district court erred when it ruled they could not use their amended motion for partial summary judgment as a response to Stormont Vail's motion for summary judgment. Although the Huffmans never filed a written response to the hospital's motion for summary judgment, at the final dispositive hearing on September 6, 2019, the Huffmans made an oral request for the district court to treat their amended motion for partial summary judgment as a response to Stormont Vail's motion. But Stormont Vail argues: "Plaintiffs' response to the dispositive motion was due by September 26, 2018, no response was filed, and a timely motion for additional time to respond was not filed. . . . [T]he Amended Motion [for partial summary judgment] did not comply with [Supreme Court] Rule 141 requirements for a response to a dispositive motion."

Nearly a year before the final hearing, the Huffmans filed a "global motion" for additional time to respond to Stormont Vail's motion to strike the Huffmans' amended motion for partial summary judgment and Stormont Vail's motion for summary judgment. At the final dispositive hearing, the district court noted that the Huffmans never filed a response to Stormont Vail's motion for summary judgment and denied their request for additional time because the motion was untimely.

After the denial of their motion for additional time, the Huffmans orally moved the district court to treat their motion for partial summary judgment as a response to Stormont Vail's motion for summary judgment. The Huffmans argued their amended motion should be considered a response because it was filed after Stormont Vail's summary judgment motion and their amended motion contained "responsive material" which, in substance rather than form, complied with the requirements of Supreme Court Rule 141 (2021 Kan. S. Ct. R. 220).

7

The district judge denied the Huffmans' oral motion:

> "Well if you're asking me to rule on today's oral motion to consider briefing that you submitted in response to a different motion as your response to the defendant's motion for summary judgment, that is denied. It does not comply with Rule 141. And in addition to that, because I have read the briefs and considered what is in them, I further don't believe that even if I did consider it as a response that it would make any difference to my rulings. But—but my primary ruling is that I will not consider it because it is not compliant with the rules."

On appeal, the Huffmans reprise the argument they made to the district court.

Supreme Court Rule 141 governs summary judgment, establishing procedures and providing "a trial court with ample grounds for exercising its discretion in imposing sanctions to punish a party for failing to comply with the rule." *Molina v. Christensen*, 30 Kan. App. 2d 467, 470, 44 P.3d 1274 (2001); see Supreme Court Rule 141. Similarly, "[a] trial court's ruling that a party opposing summary judgment is deemed to have admitted the movant's uncontroverted facts because of failure to follow Supreme Court Rule 141 rests within the sound discretion of the trial court." 30 Kan. App. 2d at 470.

A judicial action constitutes an abuse of discretion if (1) it is arbitrary, fanciful, or unreasonable; (2) it is based on an error of law; or (3) it is based on an error of fact. *Biglow v. Eidenberg*, 308 Kan. 873, 893, 424 P.3d 515 (2018). As the party asserting the district court abused its discretion, the Huffmans bear the burden of showing such abuse of discretion. See *Gannon v. State*, 305 Kan. 850, 868, 390 P.3d 461 (2017).

The requirements for responding to a motion for summary judgment under Supreme Court Rule 141(b) (2021 Kan. S. Ct. R. 221) are straightforward and specific:

"(b) **Response to Motion for Summary Judgment; Requirements.** A memorandum or brief opposing a motion for summary judgment must:

    (1) state—in separately numbered paragraphs that correspond to the numbered paragraphs of movant's memorandum or brief—whether each of movant's factual contentions is:

        (A) uncontroverted;

        (B) uncontroverted for purposes of the motion only; or

        (C) controverted, and if controverted:

            (i) concisely summarize the conflicting testimony or evidence and any additional genuine issues of material fact that preclude summary judgment; and

            (ii) provide precise references as required in subsection (a)(2); and

    (2) be filed and served on all counsel of record and unrepresented parties not in default for failure to appear no later than 21 days after service of the motion, unless the time is extended by local rule or court order."

Our Supreme Court has found the "only effect" of failing to respond under Rule 141(b) is the admission of the movant's uncontroverted facts:

    "'The purpose of a summary judgment motion is not to preserve legal arguments for appeal; rather, it is to eliminate useless trials on undisputed issues of fact. . . . [T]he only effect of a non-movant's failure to respond to a motion for summary judgment is that it constitutes an admission by the non-movant that there are no disputed issues of genuine fact warranting a trial; it does not constitute a waiver by the non-moving party of all legal arguments based upon those undisputed facts.' [Citations omitted.]" *Lumry v. State,* 305 Kan. 545, 566, 385 P.3d 479 (2016) (quoting *Flynn v. Sandahl*, 58 F.3d 283, 288 [7th Cr. 1995]).

In *McCullough v. Bethany Medical Center*, 235 Kan. 732, 736, 683 P.2d 1258 (1984), our Supreme Court stated:  "Rule 141 is not just fluff—it means what it says and serves a necessary purpose." After *McCullough* was decided, our Supreme Court began

9

reviewing Rule 141 compliance for harmless error. See *Key v. Hein, Ebert, and Weir, Chtd.*, 265 Kan. 124, 130, 960 P.2d 746 (1998). We are convinced the district court did not abuse its discretion in declining the Huffmans' invitation to consider their amended motion partial for summary judgment as a Rule 141 response to Stormont Vail's motion for summary judgment.

As the Huffmans conceded below, and now on appeal, their amended motion "wasn't properly designated" according to Supreme Court Rule 141. In fact, the Huffmans did not respond in a timely manner to Stormont Vail's motion for summary judgment. The Huffmans' amended motion for partial summary judgment was just that—their motion seeking partial summary judgment—not a response to the hospital's motion for summary judgment under Supreme Court Rule 141. Moreover, although the Huffmans' amended motion for partial summary judgment contained evidence and exhibits relating to their claims, it was not in a usable format as set forth in Rule 141, which requires keying their responses to Stormont Vail's separately numbered paragraphs of uncontroverted facts. Lastly, the district court granted Stormont Vail's motion to strike the amended motion for partial summary judgment because it was untimely. The Huffmans do not explain how the district court could have stricken their motion, but then still considered it as a response to Stormont Vail's motion for summary judgment. We find no error.

GRANTING OF STORMONT VAIL'S MOTION FOR SUMMARY JUDGMENT

The Huffmans raise several claims of error in the district court's granting of summary judgment to Stormont Vail. In response, Stormont Vail argues its motion for summary judgment established that there were no material questions of fact for any of the Huffmans' claims and its motion was appropriately granted as a matter of law.

10

We begin with the standards of review for the district court and our appellate court:

> "Summary judgment is appropriate when the pleadings, depositions, answers to interrogatories, admissions on file, and supporting affidavits show that no genuine issue exists as to any material fact and the moving party is entitled to judgment as a matter of law. The district court must resolve all facts and reasonable inferences drawn from the evidence in favor of the party against whom the ruling [is] sought. When opposing summary judgment, a party must produce evidence to establish a dispute as to a material fact. In order to preclude summary judgment, the facts subject to the dispute must be material to the conclusive issue in the case. Appellate courts apply the same rules and, where they find reasonable minds could differ as to the conclusions drawn from the evidence, summary judgment is inappropriate. Appellate review of the legal effect of undisputed facts is de novo. [Citation omitted.]" *GFTLenexa, LLC v. City of Lenexa*, 310 Kan. 976, 981-82, 453 P.3d 304 (2019).

*Claims Not Preserved for Appeal*

At the outset, on appeal the Huffmans raise claims for the first time on appeal that were not properly raised in the district court.

First, the Huffmans assert that Stormont Vail's motion for summary judgment was filed one day late and "[a]s an equitable consideration" our court should find that, as a result, the district court erred in granting it. Stormont Vail counters that the Huffmans did not preserve this issue for appeal because they did not raise this argument in the district court. As to the merits, Stormont Vail states that its motion was filed in a timely manner on September 4, 2018, but it was refiled on September 5, 2018, to correct an error in an exhibit. The original motion is not in the record or mentioned in the register of actions. Regardless, there is no showing the Huffmans contemporaneously objected to Stormont Vail's motion for summary judgment as being untimely at the time it was filed.

Supreme Court Rule 6.02(a)(5) (2021 Kan. S. Ct. R. 36) requires an appellant to provide "a pinpoint reference to the location in the record on appeal where the issue was raised and ruled on. If the issue was not raised below, there must be an explanation why the issue is properly before the court." No such pinpoint reference is found in the Huffmans' brief.

Generally, issues not raised before the district court may not be raised on appeal. *Gannon v. State*, 303 Kan. 682, 733, 368 P.3d 1024 (2016). There are exceptions to this rule, however, the Huffmans have not claimed any exception. See *In re Estate of Broderick*, 286 Kan. 1071, 1082, 191 P.3d 284 (2008) (delineating three exceptions to the general rule).

Our Supreme Court has held that failing to raise an issue in the district court and then raising it on appeal without asserting an exception to the general rule may be fatal to the appeal since Supreme Court Rule 6.02(a)(5) should be "strictly enforce[d]." *State v. Daniel*, 307 Kan. 428, 430, 410 P.3d 877 (2018). Because the Huffmans have not shown that this issue was raised in the district court or that it should be considered for the first time on appeal because of an exception to the general rule, we find this issue is waived or abandoned.

Next, the Huffmans contend Stormont Vail did not meet its burden supporting its motion for summary judgment because it did not "show an absence of fact under K.S.A. 60-256 and controlling case law." They argue that because Stormont Vail did not provide adequate support for its motion, the Huffmans did not need to respond and the district court erred in granting the hospital's motion.

The obligation of an opposing party to respond to a motion for summary judgment is controlled by K.S.A. 2020 Supp. 60-256(e)(2), which states:

"(2) *Opposing party's obligation to respond*. When a motion for summary judgment is properly made and supported, an opposing party may not rely merely on allegations or denials in its own pleading; rather, it must, by affidavits or by declarations pursuant to K.S.A. 53-601, and amendments thereto, or as otherwise provided in this section, set out specific facts showing a genuine issue for trial. If the opposing party does not so respond, summary judgment should, if appropriate, be entered against that party."

The Huffmans contend "the limits of K.S.A. 60-256 only require that a response is made if the motion is 'properly supported' which [Stormont Vail's] motion does not." Based on this interpretation, the Huffmans argue their various allegations and discovery responses supported their claims and Stormont Vail "cannot demonstrate an absence of facts by ignoring evidence."

Of course, the Huffmans never filed a response in opposition to Stormont Vail's motion for summary judgment, and as just discussed, the district court properly denied their oral motion at the final dispositive hearing to treat the Huffmans' amended motion for partial summary judgment as a response. Regarding the Huffmans' specific claim that K.S.A. 2020 Supp. 60-256(e)(2) applies to preclude summary judgment, as just discussed, Supreme Court Rule 6.02(a)(5) requires an appellant to provide either a pinpoint reference to the record on appeal where the issue was raised and ruled on by the district court or an explanation for this failure. On appeal, the Huffmans have not complied with this appellate rule or claimed an exception. As a result, the Huffmans are improperly raising this specific issue for the first time on appeal. See *Gannon*, 303 Kan. at 733. Because of this failure, we find this issue is waived or abandoned. See *Daniel*, 307 Kan. at 430.

We note in passing, however, that the Huffmans' argument is confusing. They cite no on-point precedent wherein a Kansas appellate court has supported their interpretation of K.S.A. 2020 Supp. 60-256(e)(2) for the proposition that the hospital "cannot demonstrate an absence of facts by ignoring evidence." Moreover, the Huffmans

13

complain that through discovery they obtained evidence in support of their claims and that Stormont Vail ignored this evidence. Then, on appeal, they attempt to show the hospital's deceptive billing practices by citing to two statements of uncontroverted facts set forth in their amended motion for partial summary judgment—which was stricken by the district court and not permitted to be considered as a response to Stormont Vail's motion for summary judgment. This effort is unavailing. Quite simply, the obligation to controvert Stormont Vail's uncontroverted facts was the Huffmans responsibility, not the duty of the hospital. See Supreme Court Rule 141(b). The Huffmans failure to respond to Stormont Vail's summary judgment motion is consequential. We find the Huffmans' argument was not preserved for appeal and is not supported by law.

Next, the Huffmans contend Stormont Vail improperly argued that the summary judgment burden of proof shifts to the nonmoving party. Specifically, the Huffmans challenge Stormont Vail's assertion that the plaintiffs failed to meet their burden regarding their claims of deceptive billing and bad faith. Because the district court adopted the legal analysis of Stormont Vail, the Huffmans argue the district court also erred in shifting the burden.

Once again, this burden of proof claim of error was not preserved for appellate review for all the same reasons discussed in the two earlier unpreserved claims. This issue is waived or abandoned. See *Daniel*, 307 Kan. at 430.

Of note, the respective burdens and responsibilities of parties filing and responding to motions for summary judgment are well settled and well known. See Supreme Court Rule 141; *GFTLenexa, LLC*, 310 Kan. at 981-82. As our Supreme Court has stated:

"The burden is not on the party moving for summary judgment to produce evidence showing the absence of a genuine issue of material fact. The moving party may

14

discharge its obligation by pointing out to the district court that there is an absence of evidence to support the nonmoving party's case The nonmoving party then has the affirmative duty to come forward with facts to support its claim although it is not required to prove its case." *U.S.D. No. 232 v. CWD Investments*, 288 Kan. 536, Syl. ¶ 1, 205 P.3d 1245 (2009).

Our independent review of the record finds no basis for the Huffmans' claim of burden shifting.

### THE DISTRICT COURT DID NOT ERR IN GRANTING SUMMARY JUDGMENT ON THE KCPA CLAIMS

On appeal, the Huffmans assert that the district court erred in granting summary judgment for Stormont Vail on the Huffmans' KCPA claims. They raise numerous claims of error relating to these KCPA claims.

In ruling against the Huffmans on this issue, the district court summarily incorporated the two-fold legal rationale presented by Stormont Vail in its motion for summary judgment:

"Plaintiff Donna Huffman's KCPA claims must be dismissed as she has failed to plead them with particularity as required by K.S.A. 60-209(b). Even if Plaintiff's claims are properly plead, she has failed to present a claim upon which relief can be based under KCPA for the allegations related to care and treatment she did or did not receive at Stormont-Vail as those claims are substantively medical malpractice claims and may not be brought under the KCPA. Additionally, Huffman has failed to allege facts or demonstrate evidence to support a claim for misleading advertising under the KCPA. The only matter that can be considered under the KCPA is that related to Huffman's consumer transaction with Stormont-Vail on June 24, 2011, and even then, only claims related to excessive or duplicative billing."

15

K.S.A. 60-209 governs "[p]leading special matters," and when alleging fraud or mistake, the party "must state with particularity the circumstances constituting fraud or mistake. Malice, intent, knowledge, and other conditions of a person's mind may be alleged generally." K.S.A. 2020 Supp. 60-209(b).

In its summary judgment motion, Stormont Vail acknowledged our Supreme Court has not made a heightened pleading determination, but rather the court has "merely not[ed] a split [in] authority as to whether claims other than actual fraud (*e.g.*, constructive fraud) must be plead with particularity under K.S.A. 60-209(b)." See *Nelson v. Nelson*, 288 Kan. 570, 583-84, 205 P.3d 715 (2009).

In *Ayalla v. Southridge Presbyterian Church*, 37 Kan. App. 2d 312, 319, 152 P.3d 670 (2007), our court subjected a fraudulent misrepresentation claim to the heightened pleading standard under K.S.A. 60-209(b). We held: "Notwithstanding the liberality of the Kansas Rules of Civil Procedure, they require certain matters to be set forth with particularity. Fraud is one of them. K.S.A. 60-209(b). The circumstances constituting fraud or mistake shall be stated with particularity." 37 Kan. App. 2d at 319. Although our court did not consider fraud under the KCPA, we nevertheless found pleading with particularity is required in "circumstances constituting fraud or mistake." 37 Kan. App. 2d at 319.

The United States District Court for the District of Kansas, on the other hand, has subjected KCPA claims to the heightened pleading standard. See *Thompson v. Jiffy Lube Intern., Inc*, 505 F. Supp. 2d 907, 932 (D. Kan. 2007). Similar to the Huffmans, the plaintiff in *Thompson* argued Fed. R. Civ. Proc. 9(b)—the federal equivalent of K.S.A. 60-209(b)—was not applicable "because the KCPA is not the same as fraud." 505 F. Supp. 2d at 932. The federal district court disagreed, finding the "three general purposes" for pleading with particularity were applicable in the case:

16

"The Court notes there are three general purposes for the heightened pleading requirement in Rule 9(b): 'to enable defendants to prepare meaningful responses, to preclude the use of a groundless fraud claim as a pretext to discover a wrong, and to safeguard defendants from lightly made charges which might damage their reputations.' *In re Longhorn Securities Litigation*, 573 F. Supp. 255, 263-264 ([W.D.] Okla. 1983); see *Farlow v. Peat, Marwick, Mitchell & Co.*, 956 F.2d 982, 987 (10th Cir. 1992). The Court finds these purposes to be applicable to the case *sub judice*. The case involves multiple claims of misrepresentations which may damage the reputation of the defendants; furthermore, given the different defendants, dates, and locations, a, particular pleading is necessary to prepare a meaningful response." *Thompson*, 505 F. Supp. 2d at 932.

The *Thompson* court found further support for a heightened pleading standard based on precedent: "'Although the language of Rule 9(b) confines its requirements to claims of . . . fraud, the requirements of the rule apply to all cases where the gravamen of the claim is fraud even though the theory supporting the claim is not technically termed fraud.'" 505 F. Supp. 2d at 932 (quoting *Frith v. Guardian Life Ins. Co. of America*, 9 F. Supp. 2d 734, 742 [S.D. Tex. 1998]; *Toner v. Allstate Ins. Co.,* 821 F. Supp. 276, 283 [D. Del. 1993]).

Because the gravamen of the KCPA claims were "based on fraudulent concealment," the *Thompson* court applied the heightened pleading requirement of Rule 9(b) to the plaintiff's KCPA claims. 505 F. Supp. 2d at 932; see also *In re Universal Service Fund Telephone Billing Practices Litigation*, 300 F. Supp. 2d 1107, 1150 (D. Kan. 2003) (KCPA claims for deceptive trade practices must "'set forth the time, place, and contents of the false representation, the identity of the party making the false statements and the consequences thereof.'") (quoting *Schwartz v. Celestial Seasonings, Inc.*, 124 F. 3d 1246, 1252 [10th Cir. 1997]).

On appeal, the Huffmans do not address Stormont Vail's precedent, they simply note that the KCPA is to be liberally construed in favor of the consumer.

17

Upon our review of the Huffmans' amended petition, we find numerous generalized allegations of KCPA violations that provide little or no material facts to allow evaluation of whether they, in fact, constitute a particular violation of the KCPA. Under these circumstances, we are persuaded that the Huffmans' pleadings were not sufficiently particular to state a claim under K.S.A. 60-209(b).

Alternatively, in its motion Stormont Vail argued that even if the Huffmans' KCPA claims were properly plead, they "failed to present a claim upon which relief may be based under the KCPA." Specifically, Stormont Vail argued that "[a]lthough [the Huffmans] present their claims as KCPA violations, the majority of their KCPA allegations are, in substance, medical malpractice claims." In particular, the hospital identified nine of Huffmans' claimed KCPA violations as substantively medical malpractice claims. For example, one of the purported KCPA violations was that Stormont Vail released Donna "from the facility without any pain relief where she was on the scale of 10."

Our Supreme Court has held "[w]hether a claim sounds in tort or contract is determined by the nature and substance of the facts alleged in the pleadings." *David v. Hett*, 293 Kan. 679, 701, 270 P.3d 1102 (2011). As Stormont Vail argued in its motion, the Huffmans' claims are "strikingly similar" to those argued in *Malone v. University of Kansas Medical Center*, 220 Kan. 371, 552 P.2d 885 (1976), where a husband and wife brought a contractual action against the medical center for damages arising from an alleged failure to provide the wife "with complete, competent, necessary, and authorized medical treatment." 220 Kan. at 371. Our Supreme Court found the gravamen of the claims "[c]learly . . . sounds in tort, and under that theory the [medical center is] immune from liability." 220 Kan. at 376. The Supreme Court reasoned:

"What plaintiffs are complaining about is that the treatment provided was negligent—all of the needed treatment was not furnished, and that which was furnished was incomplete,

18

incompetent, and unauthorized. In other words, the hospital and the physicians failed to exercise that reasonable care, skill, and diligence which the law requires of hospitals and physicians—regardless of any express contract therefor between the parties." 220 Kan. at 376.

Our review of the Huffmans' amended petition, combined with the guidance from *Malone*, shows the district court did not err in dismissing the nine claims because they were grounded in medical malpractice and failed to state a claim for which relief could be based under the KCPA.

The remaining KCPA claims for which Stormont Vail conducted a merits analysis in its motion for summary judgment, related to the financial or business aspects of the consumer relationship between the Huffmans and the hospital. See *Via Christi Regional Medical Center, Inc. v. Reed*, 298 Kan. 503, 520, 314 P.3d 852 (2013) (permitting a KCPA claim for overcharging and duplicate billing).

The Huffmans alleged they were consumers who had the legal right to be free from misleading or false advertising. They alleged Stormont Vail breached a duty to provide protocol care by seeking profit through endorsement by the Kansas Department of Health and Environment as a level II trauma center and advertising that designation.

In response, Stormont Vail asserted that the deceptive advertising claim was without merit. First, it showed that whether appropriate trauma care was provided is a matter of medical judgment. Second, the hospital noted that the Huffmans had not identified any advertisement relating to Stormont Vail's trauma center designation or shown that it was deceptive. Third, there was no showing that the hospital ever represented it would provide such services to the Huffmans. Finally, upon the close of discovery, there was no showing that the Huffmans reviewed or relied on any such advertising before being treated at Stormont Vail.

19

Based on our review of the record, the district court did not err in granting summary judgment on this deceptive advertising claim.

The Huffmans also claim they are "aggrieved consumers who had the legal right to be billed accurately and fairly with use of the difference in the money overcharged when compared to others with different payor sources." This argument is not a model of clarity. In its motion for summary judgment, Stormont Vail contended that "the only claims [the Huffmans] may bring under the KCPA are limited to allegations of excessive or duplicate billing." The hospital also contended that to raise a "genuine issue of material fact on her improper billing claims, [the Huffmans] must present <u>evidence</u> of improper billing." This is an accurate statement of Kansas law.

In *Via Christi*, 298 Kan. 503, Syl. ¶ 6, our Supreme Court held:

"Evidence of overcharges and duplicate charges and of vague or incomprehensible entries in a hospital bill raises a genuine issue of material fact on whether the hospital . . . knew or should have known that it was making untrue representations to the patient in violation of the deceptive acts and practices provision of the [KCPA]. *When the patient comes forward with such evidence*, summary judgment in favor the hospital on the patient's deceptive acts and practices claim is improper." (Emphasis added.)

See *U.S.D. No. 232*, 288 Kan. 536, Syl. ¶ 1.

As Stormont Vail argued in the district court, the Huffmans did not come forward with evidence to support their wrongful billing claims under the KCPA. And because they did not controvert the facts argued by Stormont Vail—given that they did not respond to the motion—they did not present a genuine issue of material fact. The district court did not err in granting summary judgment on this claim.

20

In their remaining KCPA claims, the Huffmans argued that Stormont Vail engaged in misrepresentation by "writing a letter stating the care provided was in compliance with the trauma protocol, when that statement was known to be untrue." The Huffmans also asserted an unconscionability claim under K.S.A. 50-627. This claim related to the hospital's discharge of Donna when she rated her pain as the worst possible. On appeal, in support of this claim, the Huffmans argue:

"In a civilized society we wouldn't leave an injured dog by the side of the road, we help it or shoot it to put it out of [its] misery. Since the later wasn't an option for [Stormont Vail] then deciding to discharge [Donna] in 2 hours and 8 minutes while suffering the worst pain when the hospital had other options is unconscionable as it is totally lacking in any conscience."

In the district court, Stormont Vail argued generally that "whether appropriate trauma care was provided to [Donna] is a matter of medical judgment. Even if the judicial dismissal of [the Huffmans'] medical claims could be ignored, medical malpractice claims cannot be made under the KCPA." The gravamen of the Huffmans' amended petition as to these two claims is to challenge whether the care Donna received followed the trauma protocol and appropriate standards of medical care. As stated in *Malone*, what the Huffmans are complaining about "is that the treatment provided was negligent." 220 Kan. at 376. This is not cognizable under the KCPA, and the district court did not err in granting summary judgment as to these claims.

In summary, upon this record we find no error in the district court's granting of summary judgment to Stormont Vail on the KCPA claims.

21

THE DISTRICT COURT DID NOT ERR IN GRANTING
SUMMARY JUDGMENT ON THE BREACH OF CONTRACT AND BAD-FAITH CLAIMS

Next, the Huffmans contend the district court erred in dismissing their "claims of Breach of Contract with Breach of Good Faith and Fair Dealing." They argue "[t]here was no fact found by the district court that there were no overcharges, no breach of contract." Moreover, the Huffmans claim that Stormont Vail's argument ignores that "[j]ust because a policy is adopted is not dispositive on whether the conduct is in good faith."

In its summary judgment motion, Stormont Vail argued the Huffmans had the burden of proof for their contractual bad-faith claims. In particular, the hospital argued that for the Huffmans to prevail, they had "the burden to provide evidence to support [the] allegations of bad faith billing practices by [Stormont Vail] by showing how the way she was billed and the amount she was billed deviated from proper billing practices and procedures." See *Louisburg Building & Development Co. v. Albright*, 45 Kan. App. 2d 618, 638, 252 P.3d 597 (2011) ("The complaining party is burdened with showing that a breach and damage occurred."). Stormont Vail further argued the Huffmans "cannot rely on 'mere allegations' to overcome th[e] motion for summary judgment."

The Huffmans made many assertions of contractual bad-faith claims, including among other allegations—failure to provide itemized billing, engaging in price fixing, manipulating billing based on agreements with insurers, and charging different amounts for services in an arbitrary way not based on the services provided.

As stated earlier, the party opposing summary judgment "must produce evidence to establish a dispute as to a material fact." *GFTLenexa, LLC*, 310 Kan. at 981-82. Moreover:

22

"'In response to a summary judgment motion . . . the plaintiff can no longer rest on such "mere allegations," but must "set forth" by affidavit or other evidence "specific facts," . . . which for purposes of the summary judgment will be taken to be true.'" *FV-I, Inc. v. Kallevig*, 306 Kan. 204, 212, 392 P.3d 1248 (2017) (quoting *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561, 112 S. Ct. 2130, 119 L. Ed. 2d 351 [1992]).

Once again, our review of this issue is predicated upon the district court's adoption of Stormont Vail's uncontroverted facts and conclusions of law made by the hospital in its motion for summary judgment. The Huffmans lack of response to the hospital's summary judgment motion hampers our review.

Stormont Vail emphasizes that the Huffmans made no evidentiary showing that the hospital breached the duty of good faith by violating specific billing policies and procedures. On the other hand, Stormont Vail points to four paragraphs of its uncontroverted facts establishing that trauma protocols are implemented based on the professional judgment of the health care provider in accordance with laws and regulations, not corporate policies. Regarding patient charges, the hospital established that it maintained a uniform set of charges applicable to all patients regardless of insurance status or governmental programs, although write-offs based on contractual agreements or Medicaid/Medicare program requirements may occur.

Stormont Vail also argued that, although discovery was closed, the Huffmans had not designated an expert to testify that the Huffmans' assertions of deceptive bad-faith billing practices were true. Stormont Vail asserted the designation of an expert was necessary "and the failure to provide any expert evidence is fatal to her bad faith claim." This argument is supported by Kansas law.

Our court has stated: "Generally, expert testimony may be required if the theory of a negligence claim depends on a breach of a standard of care particular to a certain profession or if causation is so complex that special skills or knowledge are necessary to

23

fully comprehend the chain of events." *Delay v. Great Plains Custom Application, Inc.*, No. 113,197, 2016 WL 3570729, at *8 (Kan. App. 2016) (unpublished opinion). See *Tudor v. Wheatland Nursing*, 42 Kan. App. 2d 624, 628-29, 214 P.3d 1217 (2009) (holding claim of negligence against nursing home required expert testimony and finding "expert testimony is necessary only if the matter is outside the common knowledge of the jury"). Similarly, in the case of a claim of deceptive bad-faith billing practices, we are persuaded that Stormont Vail makes a good point that designation of an expert and expert testimony was necessary for the Huffmans to establish an evidentiary basis for this complicated area of hospital administration.

On the other hand, as part of its motion for summary judgment, Stormont Vail presented expert testimony from Cynthia Stolz, the financial counseling supervisor at the hospital who was familiar with its billing practices and who provided a signed report explaining the billing process. According to Stolz, charges for Donna's care on June 24, 2011, were submitted to Blue Cross and Blue Shield of Kansas (Blue Cross) in accordance with customary procedures. In her report, Stolz explained the various charges and billings regarding Donna's care and treatment. She stated that Donnas' total charges for technical services provided in the emergency department were $2,906.35 which were fully paid for by insurance or write-offs in keeping with the hospital's contract with Blue Cross. Regarding the physician's services separately provided for and billed by the Cotton-O'Neil Clinic, after insurance payments and write-offs Donna was personally responsible for $78.43. Stolz opined: "[T]he billing practices used in [Donna's] case were consistent with the billing practices at Stormont-Vail."

All things considered—the uncontroverted facts submitted by Stormont Vail, the lack of a response by the Huffmans, the lack of evidence to support their breach of contract claims involving breach of good faith and fair dealing, the Huffmans' failure to designate an expert or produce expert testimony, and the hospital's expert testimony

tending to show that the Huffmans' claims were without merit, we find no error in the district court's grant of summary judgment in favor of Stormont Vail on this claim.

Finally, the Huffmans briefly contend the district court's judgment was not supported by substantial competent evidence because it ignored the evidence "brought forth" by the Huffmans and did "not requir[e] evidence" from Stormont Vail. Stormont Vail contends its uncontroverted facts supported summary judgment.

The Huffmans' argument is not persuasive because they provide no statutory or caselaw support for this claim. The proper standard of review for district courts and appellate courts was stated earlier in this opinion. See *GFTLenexa, LLC*, 310 Kan. at 981-82; see also *Knowles v. Klase*, 204 Kan. 156, 157-58, 460 P.2d 444 (1969) (substantial competent evidence is not part of the summary judgment analysis). We are not persuaded that the district court ignored evidence in this matter. Rather, the district court admitted Stormont Vail's facts as uncontroverted because the Huffmans did not file a response to the motion for summary judgment and, therefore, did not controvert any of Stormont Vail's facts but simply made oral argument in opposition to the motion. Considered together, these facts supported the district court's conclusions of law, based upon Stormont Vail's legal memorandum in support of its motion. We find no error.

Affirmed.

25